

1999 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-4-1999

# Spring City Corp. v. Amer. Buildings Co.

Precedential or Non-Precedential:

Docket 98-1584, 98-1586

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1999

Recommended Citation

"Spring City Corp. v. Amer. Buildings Co." (1999). *1999 Decisions.* Paper 274.
http://digitalcommons.law.villanova.edu/thirdcircuit_1999/274

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1999 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed October 4, 1999

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos. 98-1584 & 98-1586

SPRING CITY CORPORATION,
trading as SPRING II ASSOCIATES

v.

AMERICAN BUILDINGS COMPANY

v.

CONTRACTORS OF AMERICA, INC.

v.

PALMER CONSTRUCTION CO., INC.;
BASILE CONSTRUCTION COMPANY

American Buildings Company,
      Appellant

(D.C. Civ. Nos. 97-cv-08127 & 98-cv-00105)

No. 98-1585

SPRING CITY CORPORATION,
trading as SPRING II ASSOCIATES

v.

LYNN BRADEEN; CONTRACTORS OF AMERICA, INC.;
AMERICAN BUILDINGS COMPANY

American Buildings Company,
      Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Judge: Hon. John R. Padova
(D.C. Civ. No. 98-cv-00028)

Argued: July 27, 1999

Before: SLOVITER, NYGAARD and McKEE, Circuit Judges

(Filed: October 4, 1999)

Steven G. Hall, Esq. (formerly with
 McLain & Merritt, P.C.) (Argued)
Robert B. Hill, Esq.
McLain & Merritt, P.C.
Atlanta, GA 30326

Warren F. Sperling
Bennett, Bricklin & Saltzburg
Philadelphia, PA 19103

 Attorneys for Appellant
 American Buildings Company

John F. Brown, Jr., Esq.
Matthew F. Noone, Esq. (Argued)
Cozen & O'Connor
Philadelphia, PA 19103

 Attorney for Appellee
 Spring City Corp.

OPINION OF THE COURT

SLOVITER, Circuit Judge.

This appeal has enough subsidiary procedural issues to bring a gleam to the eye of a civil procedure teacher. But there are two underlying issues that are dispositive-- the nonreviewability of a remand order and the appropriateness of an order staying a duplicative federal action.

I.

BACKGROUND AND PROCEDURAL HISTORY

This suit filed by Spring City Corp. arises out of the partial collapse of its building in Limerick, Pennsylvania, in 1996 as the result of a heavy snow and ice fall. Construction of that building began in 1987. The companies participating in the project were Basile Corp. ("Basile"), which was general contractor for the construction, Contractors of America, Inc. ("Contractors"), which supplied metal building components for the building, American Buildings Co. ("American"), which manufactured and delivered the building components, and Palmer Construction Co. ("Palmer"), which actually constructed the building.

In September 1997, Spring City, a Pennsylvania corporation, filed suit in the Pennsylvania Court of Common Pleas alleging negligence, breach of contract, and breach of warranty, based on the building collapse against Contractors, a New Jersey corporation, and its president, Lynn Bradeen, a New Jersey citizen. In November 1997, Contractors filed writs of summons pursuant to Pennsylvania Rule of Civil Procedure 2252 against American, a Delaware corporation with its principal place of business in Alabama, Palmer, a Pennsylvania corporation, and Basile, also a Pennsylvania corporation, to add them as third-party defendants. Under the Pennsylvania Rules, third-party defendants may be joined by writ or by formal complaint. See Pa. R. Civ. Proc. 2252(b).

In December 1997, Spring City filed an amended complaint adding American as a defendant on one count. American then removed the action to federal court on the basis of diversity of citizenship. This case was assigned docket number 98-28. Also in December, Spring City filed a second action in state court, this one naming only American as a defendant. American removed this case as well, and it was assigned docket number 97-8127. Because there was diversity between Spring City and American, Spring City did not contest the removal of this second action. American subsequently filed a third-party

3

complaint asserting negligence and breach of warranty claims against Contractors, and Contractors filed a fourth-party action for contribution and indemnification against Palmer and Basile. Finally, in January 1998 Spring City filed a third action in federal court against American as the only defendant based on diversity of citizenship. This was assigned docket number 98-105. Again, there was no jurisdictional challenge in this federal case. As in No. 97-8127, American filed a third-party action against Contractors and Contractors filed a fourth-party action against Palmer and Basile.

However, Spring City moved to remand No. 98-28 (the action in which, prior to removal, Palmer and Basile had been joined as third-party defendants under Rule 2252) to state court based on a lack of diversity and to stay the two remaining federal cases pending the resolution of the remanded case in state court. The District Court agreed with Spring City that there was no longer complete diversity in No. 98-28. Spring City Corp. v. Bradeen et al., Nos. 97-8127, 98-105, 98-28, slip op. at 6 (E.D.Pa. Mar. 12, 1998) (hereafter "Slip op.") Therefore, the court granted the motion to remand No. 98-28 to the Pennsylvania state court. The court also ruled that as a result of the remand there would be parallel proceedings pending in state and federal courts. Slip op. at 9. After analyzing the factors outlined in Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976), the court determined to grant Spring City's motion to stay the two remaining federal cases, No. 97-8127 and No. 98-105. Slip op. at 1.

American filed a timely Notice of Appeal. It argues on appeal that (1) the citizenship of third-party defendants should not be considered in determining diversity, and (2) the District Court improperly applied Colorado River. It seeks reactivation on the federal docket of the stayed cases and reinstatement of the remanded case.

4

II.

DISCUSSION

A.

The Order Remanding No. 98-28

American challenges the District Court's finding that no diversity existed in No. 98-28 on the ground that complete diversity exists among what it considers the real`parties in the case, Spring City (plaintiff-appellee), Contractors (defendant), and American (defendant-appellant). American argues that the Pennsylvania citizenship of the two additional parties, Basile and Palmer, should not have been considered in determining diversity because they were solely "nominal" parties joined under state rules of procedure.

Of course, Spring City rejects American's view and emphasizes that, when Palmer and Basile were joined, it gained substantive rights against them under Pa. Rule 2255. Moreover, it states that it has recently acquired evidence, which it has submitted to this court, that defendant Contractors is incorporated in Pennsylvania and thus is non-diverse with Spring City.1

In ruling that No. 98-28 should be remanded because there was no longer the requisite diversity of citizenship, the District Court noted the differences in the effect of

_____

1. Spring City has requested leave to formally supplement the record with this evidence. Although appellate courts "do not take testimony, hear evidence or determine disputed facts," Sewak v. INS, 900 F.2d 667, 673 (3d Cir. 1990), subject matter jurisdiction is a fundamental issue that a court is required to resolve, even where parties have not raised the issue, see Meritcare Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 217 (3d Cir. 1999), and even on appeal, see Weaver v. Bowers, 657 F.2d 1356, 1360 (3d Cir. 1981) (en banc). It is thus likely that this court could consider the evidence about Contractor's Pennsylvania citizenship, even newly presented, but American conceded that fact at oral argument. In view of our disposition, however, we need not decide Spring City's motion.

joining a third-party defendant under the Pennsylvania Rules of Civil Procedure as distinguished from the Federal Rules of Civil Procedure. Third-party pleading under Pa. R. Civ. Proc. 2255(d) allows a plaintiff to "recover from an additional defendant found liable to the plaintiff alone or jointly with the defendant as though such additional defendant had been joined as a defendant and duly served and the initial pleading of the plaintiff had averred such liability." Pa. R. Civ. Proc. 2255(d); see Sheriff v. Eisele, 381 Pa. 33, 35, 112 A.2d 165, 166 (1955) (plaintiff 's claim has same effect as if additional defendant had originally been named a defendant without need to file a new pleading); Pappas v. Asbel, 450 Pa. Super. 162, 175, 675 A.2d 711, 718 (Pa. Super. 1996) (joining an additional defendant makes that defendant immediately subject to the plaintiff 's claim in every respect).

The District Court referred to other decisions of its colleagues holding that Rule 2255(d) destroys diversity by affording a plaintiff substantive rights against a third-party defendant. Slip op. at 6-7 (citing Adams v. Ford Motor Co. and Donna Lynn Peyton, Civ. A. No. 87-0524, 1987 WL 13344 (E.D. Pa. June 30, 1987) and Carey v. American Motors Corp., Civ. A. No. 87-0100, 1987 WL 5726 (E.D. Pa. Jan. 23, 1987)). In contrast, a third-party defendant joined under Federal Rule of Civil Procedure 14 does not become a defendant as against the original plaintiff, so that federal jurisdiction is not destroyed where those parties are citizens of the same state. See Smith v. Philadelphia Transp. Co., 173 F.2d 721, 724 n.2 (3d Cir. 1949). The District Court therefore held that when Bradeen and Contractors filed the writ of summons directed to Palmer and Basile, Palmer and Basile became additional defendants against whom Spring City had a direct right of recovery. Slip op. at 6.

American argues on appeal that in the context of removal, "federal law determines who is plaintiff and who is defendant," citing Chicago Rock Island & Pack R.R. Co. v. Stude, 346 U.S. 574, 580 (1954). It argues that where the operation of a local procedural rule interferes with a federal statute, which it states Pa. Rule 2255 does, the local rule must yield. In response, Spring City argues that Rule 2255

gives the plaintiff a substantive right which, under Erie Railroad Co. v. Tompkins, 304 U.S. 64 (1938), federal courts must apply in a diversity action. See Atlanta Int'l. Ins. Co. v. School Dist. of Philadelphia, 786 F.2d 136, 140-141 (3d Cir. 1986) (applying Rule 2255 but calling results"ironic" and "illogical").

It would be intriguing to analyze the jurisdictional issues presented by the application of Pa. Rule 2255 in federal court and the recently discovered Pennsylvania citizenship of an original defendant. A review of the District Court's decision to remand on the basis of lack of subject matter jurisdiction would require consideration whether the effect of Pa. Rule 2255(d) is to give Spring City a direct claim against the additional defendants Palmer and Basile even though Spring City has apparently not yet amended its complaint to assert such a claim, and, if so, whether the result is to destroy diversity of citizenship. We might then have to consider American's argument that application of the Pennsylvania Rule to destroy diversity jurisdiction is inconsistent with the Supremacy Clause.

We cannot engage in these tantalizing arguments. We are precluded from doing so by 28 U.S.C. S 1447(d). That section of the Judicial Code provides: "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . . ." This prohibition is designed to prevent undue delay from the potentially constant appeal of remand orders. Liberty Mutual Ins. Co. v. Ward Trucking Corp., 48 F.3d 742, 745 (3d Cir. 1995). It "severely circumscribes" an appellate court's authority to review most such remand orders. Id.

We see no reason not to apply S 1447(d) to this case. The District Court based its remand on the lack of diversity among the parties, a "garden-variety, routine jurisdictional determination." Carr v. American Red Cross , 17 F.3d 671, 682 (3d Cir. 1994). Remand in this case was "issued under S 1447(c) and invok[ed] the grounds specified therein--that removal . . . was without jurisdiction--[and is thus] immune from review under S 1447(d)." Trans Penn Wax Corp. v. McCandless, 50 F.3d at 217, 222 (3rd Cir. 1995) (quoting Thermtron Prods. Inc. v. Hermansdorfer , 423 U.S. 336, 346 (1976)); see also Things Remembered, Inc. v.

7

Petrarca, 516 U.S. 124, 127-28 (1995) ("As long as a district court's remand is based on a timely raised defect in removal procedure or on lack of subject-matter jurisdiction --the grounds for remand recognized by S 1447(c)--a court of appeals lacks jurisdiction to entertain an appeal of the remand order under S 1447(d).").

American relies on Chicago Rock Island & Pack R.R. Co. v. Stude, 346 U.S. 574 (1954), for its argument that we can consider the remand. In Chicago, a railroad challenged a condemnation award by filing separate suits in federal and state court. The railroad, which was nominally a defendant in the state action, removed that action to federal court. The district court subsequently granted the landowner's motion to dismiss the case filed in federal court but denied its motion to remand the state case. Each party appealed.

The Supreme Court held that although orders denying motions to remand are interlocutory and ordinarily not reviewable until final judgment, the two suits were functionally identical and had been treated as one case by the parties and the lower court. As a result, the Court treated both appeals as taken in a single case that had culminated in a final order -- dismissal -- which is patently appealable. Id. at 578.

Here, neither the parties nor the District Court have treated the three actions as one, nor would it have been appropriate for them to do so. More importantly, although orders granting motions to remand are interlocutory and thus not subject to appeal as final orders, see 16 Moore's Federal Practice S 107 App. 113[2][a] (Matthew Bender 3d ed.) (citing Railroad Co. v. Wiswall, 90 U.S. 507 (1874)), S 1447(d) provides an additional, broader prohibition on review. Courts have excepted from this prohibition remand orders based on factors other than those listed inS 1447(c), see Trans Penn Wax, 50 F.3d at 222, and orders predicated "on a substantive decision on the merits of a collateral issue." 16 Moore's Federal Practice S 107.44[2][a][ii]; see also Carr, 17 F.3d at 682-83 (finding remand order reviewable "where a separable and final determination . . ., whether substantive or jurisdictional, . . . triggers a remand") (emphasis added). This case fits neither exception. The District Court may have addressed fascinating

8

procedural issues, but it did so solely in making a "garden-variety, routine jurisdictional determination." Carr, 17 F.3d at 682.

It follows that we will dismiss so much of American's appeal as challenges the remand of No. 98-28.

B.

The Order Staying Nos. 97-8127 and 98-105

American also appeals from the District Court's order staying the two pending federal cases, Nos. 97-8127 and 98-105, arguing that the court erred in applying the Colorado River doctrine. We must first consider whether the stay order is appealable. Ordinarily, a stay is not a "final decision" of the district court. The established definition of a final decision for purposes of 28 U.S.C. S 1291 is that it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 712 (1996) (internal quotation omitted).

In Michelson v. Citicorp National Services, Inc. , 138 F.3d 508 (3rd Cir. 1998), we discussed the circumstances under which a stay order may be considered final and appealable. If the stay simply defers or postpones resolution of an action in federal court, then it is only a temporary measure not subject to appeal under 28 U.S.C. S 1291. Id. at 513. However, when a district court relies on the Colorado River doctrine to stay a case in federal court because it is duplicative with a state court proceeding, such a stay will generally have the "practical effect of a dismissal," id., by putting a party "effectively out of [federal] court." Moses H. Cone Mem'l. Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 9 n.8 (1983). Although we have previously stated that the argument that any Colorado River stay is per se appealable is "not without basis," Michelson, 138 F.3d at 514, we have instead applied the finality analysis of Moses H. Cone, which entails "inquiry into the effect of the district court's stay to ascertain whether the court has surrendered its jurisdiction to a state court," and whether a decision in

9

state court would have preclusive effect on the federal action. Id.

Here, as American argues, resolution of the remanded case in state court will have a preclusive effect on the stayed cases. American, which is a primary defendant in the stayed cases, has been joined as a third-party defendant in the remanded case. Under the Pennsylvania joinder rules, Spring City now has a direct claim against it just as though American had been a defendant originally. Pa. R. Civ. Proc. 2255(d). Thus, a determination of liability in the remanded case will be res judicata for the federal cases, and, as a result, American has been put "effectively out of [federal] court." Moses H. Cone, 460 U.S. at 9 n.8. It follows that the order staying the two federal cases is final and appealable. We turn therefore to the merits of that order.

In determining whether the situation before it fell within the Supreme Court's abstention doctrine enunciated in Colorado River, the District Court first determined that the remanded state action and the federal actions are parallel because both lawsuits concern the collapse of the roof, virtually the same parties are involved, and the state litigation will dispose of all of the claims raised in the federal case. Slip op. at 8-9. The court then stated that the decision fell within its discretionary power. In making that decision, the court outlined the following six factors referred to in Colorado River, Moses H. Cone, and Third Circuit cases: "(1) which court first assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether federal or state law controls; and (6) whether the state court will adequately protect the interests of the parties." Slip op. at 9-10.

The District Court then determined that three of those factors "weigh[ed] heavily in favor of staying" the federal cases: avoiding piecemeal litigation, the fact that state law rather than federal law controls the issues, and the fact that a state court will adequately protect the parties' interests. Slip op. at 11. The District Court considered irrelevant the three other factors that form the test: which

10

court first asserted jurisdiction over the issue, the potential inconvenience of the federal forum, and the order in which jurisdiction was obtained. In holding that the stay was warranted, the District Court noted that the stay was "based on principles of judicial economy and sound judicial administration" recognized in Colorado River.

We cannot disagree that it would be more efficient to hold the federal cases in abeyance until the conclusion of the state case. But Colorado River abstention must be grounded on more than just the interest in avoiding duplicative litigation. In Colorado River, the duplicative litigation involved allocation of water rights in Colorado, one of the most critical issues in the Southwest. The United States had brought suit in federal court as trustee for certain Indian tribes seeking determination of water rights. Pursuant to authority granted by the McCarran Amendment, 43 U.S.C. S 666, the United States was joined as a defendant in a state proceeding under the Colorado Water Rights Determination and Administration Act. The district court held that under the circumstances, it should abstain in the federal action. When the Supreme Court considered the case, it agreed that abstention was appropriate in light of the clear federal policy embodied in the McCarran Act to avoid piecemeal adjudication of water rights. Nonetheless, the Court's opinion in Colorado River made clear that "exceptional circumstances" are required to justify abstention. 424 U.S. at 813.

We analyzed this issue in Ryan v. Johnson, 115 F.3d 193, 197 (3d Cir. 1997), where we noted that in Moses H. Cone the Supreme Court reiterated the narrowness of Colorado River. We pointed out that even though it is important to prevent "piecemeal litigation," a stay is appropriate only when there is a "strong federal policy against [such] litigation." Id. at 197. This has long been our precedent. In University of Maryland v. Peat Marwick Main & Co., 923 F.2d 265, 275-76 (3d Cir. 1991), we stated, "The general rule regarding simultaneous litigation of similar issues in both state and federal courts is that both actions may proceed until one has come to judgment, at which point that judgment may create a res judicata or collateral estoppel effect on the other action."

11

In support of the District Court's decision to abstain, Spring City argues that there is a vital state interest in the construction of safe buildings, that lifting the stay will result in piecemeal litigation, that only state laws are at issue, and that the state court assumed jurisdictionfirst and will adequately protect the parties' rights. It also accuses American of forum-shopping in order to "receive a favorable ruling with respect to the economic loss doctrine." Spring City's Brief at 36-37. American responds that if the fact that state law controls in this case mandated a stay, virtually any diversity case in which state law"was not entirely settled" would merit Colorado River abstention. As we stated in Ryan, just as "abstention cannot be justified merely because a case arises entirely under state law," the question whether parties' interests are protected is only relevant when they are not; that is, "when the state court is adequate, . . . [this] factor carries little weight." Ryan, 115 F.3d at 199, 200.

Spring City relies on this court's decision in Trent v. Dial Medical of Florida, Inc., 33 F.3d 217 (3d Cir. 1994), where we affirmed the stay of a duplicative federal proceeding. In Ryan, however, we recognized that Trent, by focusing principally on the avoidance of piecemeal litigation, was inconsistent with our earlier decisions and the Supreme Court's emphasis in Colorado River and Moses H. Cone that a "strongly articulated congressional policy against piecemeal litigation" is required to justify a stay. Ryan, 115 F.3d at 198. We were concerned that were we to follow what appears to be Trent's emphasis on "piecemeal litigation," we would "swallow[ ] up the century-old principle . . . that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." Id. (citations and internal quotation marks omitted). We held in Ryan that under Third Circuit Internal Operating Procedure 9.1, our prior case law takes precedence over an inconsistent later case. Id.

We agree and hold that Ryan represents the applicable law under Third Circuit and Supreme Court precedent. In Ryan, we narrowly construed the circumstances that would qualify for abstention, emphasizing language in Colorado

12

River that an abstention, even for "considerations of wise judicial administration . . . can be justified . .. only in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest." Id. at 195-96 (citation and internal quotation marks omitted).

We see nothing in the present case that constitutes the "exceptional circumstances" that would warrant abstention under Colorado River. We respect the considerations that caused the District Court to enter the stay but hold it erred in doing so. The parties have advised us that the state case is proceeding expeditiously. We are confident that the District Court can establish procedures in the federal cases that will minimize duplication of effort.

III.

CONCLUSION

In conclusion, we reiterate that federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." Colorado River, 424 U.S. at 817. For the reasons set forth, we will dismiss so much of this appeal as challenges the remand of No. 98-28, reverse the order staying the federal actions, and remand the remainder of this suit to the District Court. Each party to bear its own costs.

A True Copy:
Teste:

      Clerk of the United States Court of Appeals
      for the Third Circuit