**Theodore FLINT and Deborah Flint,**

v.

**A.P. DESANNO & SONS and Radiac Abrasives Inc.**

**Civil Action No. 02–1350.**

United States District Court, E.D. Pennsylvania.

Nov. 22, 2002.

Joseph A. McGinley, LLC, Doylestown, PA, for Plaintiff.

Stepehn J. Imgriglia, Hecker, Brown, Sherry and Johnson, Philadelphia, PA, for Defendant.

## MEMORANDUM

BAYLSON, Judge.

The issue presented concerns abstention and whether a federal district court should stay or dismiss an action based on concurrent state court proceedings. Plaintiffs Theodore Flint and Deborah Flint ("Plaintiffs") first filed a case in state court. The claims in this federal court case are essentially the same as in the state court action. Federal jurisdiction is based on diversity of citizenship, and the action is based on a Pennsylvania statute and common law claims. Presently before the Court is the Motion to Dismiss or, in the Alternative, to Stay Proceedings, by defendant Radiac Abrasives Inc. (formerly known as A.P. DeSanno & Sons)[1] ("Defendant"), an Illinois corporation, pending a resolution of the related case in the Chester County Court of Common Pleas.

Despite the natural temptation to prevent Plaintiffs from requiring Defendant to defend two essentially identical suits in two different courts, the Third Circuit has interpreted Supreme Court holdings to restrict significantly the discretion of district courts to dismiss or stay federal cases, even though they are duplicative of cases previously filed and pending in state court. Thus, Defendant's Motion must be denied. However, this Court intends to exercise thoroughly its power to control pretrial proceedings so as to minimize the burden on Defendant, and to require the parties to coordinate discovery and other pretrial

1. A.P. DeSanno & Sons and Radiac Abrasives Inc. are the same company. The name was changed to Radiac Abrasives Inc. in 1985.

proceedings between the federal and state actions.

## I. Background

Plaintiffs, who are citizens of and reside in Pennsylvania, filed a civil action in the Philadelphia Court of Common Pleas on March 15, 2001, seeking legal and equitable relief for the alleged environmental contamination of their property in Chester County, Pennsylvania. The preliminary objection by the defendants [2] as to improper venue was granted, and the case was transferred to the Chester County Court of Common Pleas. Plaintiffs then filed an Amended Complaint.

One year later, on March 18, 2002, Plaintiffs filed a Complaint in this Court, essentially pleading the same facts and causes of action as the state Amended Complaint.

■ There are few differences between the state and federal Complaints. The state Amended Complaint includes Polymeric Systems, Inc. as a plaintiff while the federal Complaint does not. The state Amended Complaint also names M & R Industries, ABC Corporation 1–10, and John Doe 1–10 as defendants, and the federal Complaint does not.[3]

The state Complaint alleges the following five causes of action:

Count I: Hazardous Sites Clean–Up Act, 35 Pa. Cons.Stat. Ann. § 6020 *et seq.*

Count II: Negligence

Count III: Breach of Contract

Count IV: Public Nuisance

Count V: Fraudulent Misrepresentation

(Def.'s Mot. to Dismiss Ex. A)

The federal Complaint alleges the following five causes of action:

Count I: Hazardous Sites Clean–Up Act, 35 Pa. Cons.Stat. Ann. § 6020 *et seq.*

Count II: Strict Liability, Abnormally Dangerous/Ultrahazardous Activity

Count III: Negligence

Count IV: Breach of Contract

Count V: Fraudulent Misrepresentation

(Compl.¶ 17–46)

Count II of the federal Complaint was dismissed, *Flint v. A.P. DeSanno & Sons,* C.A. No. 02–1350, slip op. (E.D.Pa. July 31, 2002), leaving the federal and state causes of action the same except that a public nuisance claim has been alleged in state court.

## II. Legal Standard and Jurisdiction

When deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court may look only to the facts alleged in the complaint and its at-

---

**2.** The state court Complaint, names Radiac Abrasives Inc. and M & R Industries as defendants. M & R Industries is a Delaware corporation that was one of the owners and sellers of the property at issue.

**3.** Pending before the Court are Defendant's Motions to Join Third–Party Defendants Textron Inc. and Specialty Chemical Systems, Inc. Plaintiffs, who oppose Defendant's Motions in this Court, did not oppose Defendant's Motion to join Textron in the state action. Local Rule of Civil Procedure 14.1(a) provides that a Rule 14 motion to join a third-party defendant ordinarily will be denied as untimely "unless filed not more than ninety (90) days after service of the moving party's answer." Defendant filed both Motions to Join Third–Party Defendants less than ninety days after filing its Answer. The Court finds that the joinder of the proposed third-party defendants will facilitate resolution of the issues involved in this case without creating undue complications, the trial delay brought about by joinder will not be significant, and the Plaintiffs will not be prejudiced by joinder. Therefore, Defendant's Motions will be granted.

tachments. *Jordan v. Fox, Rothschild, O'Brien & Frankel,* 20 F.3d 1250, 1261 (3d Cir.1994). The Court must accept as true all well-pleaded allegations in the complaint and view them in the light most favorable to the plaintiff. *Angelastro v. Prudential–Bache Sec., Inc.,* 764 F.2d 939, 944 (3d Cir.1985). A Rule 12(b)(6) motion will be granted only when it is certain that no relief could be granted under any set of facts that could be proved by the plaintiff. *Ransom v. Marrazzo,* 848 F.2d 398, 401 (3d Cir.1988).

This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) as the parties are citizens of different states, and the amount in controversy exceeds $75,000. Venue is appropriate under 28 U.S.C. § 1391(b).

### III. *Analysis*

#### A. *Colorado River Abstention*

■ Abstention by a federal court due to a similar suit in state court is justified "only in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest." *Colorado River Water Cons. Dist. v. United States,* 424 U.S. 800, 813, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). The three traditional grounds for abstention arise from concerns of constitutionality or comity.[4] In contrast, the principles underlying *Colorado River* abstention "rest on considerations of 'wise judicial administration, giving regard to conservation of judicial

resources and comprehensive disposition of litigation.' " *Id.* at 817, 96 S.Ct. 1236 (citations omitted). This type of abstention is rarer than *Pullman, Burford,* or *Younger* abstention because "the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them" means that the pendency of an action in state court does not generally bar federal litigation of the same issues. *Id.* Also, there is an "absence of weightier considerations of constitutional adjudication and state-federal relations" which support the three traditional abstention doctrines. *Id.* at 818, 96 S.Ct. 1236.

#### 1. *Federal and State Actions Are Parallel*

■ The threshold question in applying the abstention doctrine is whether the federal and state actions are parallel. *Ryan v. Johnson,* 115 F.3d 193, 196 (3d Cir. 1997). Cases are considered parallel when they involve the same parties and claims. *Id.* The presence of additional parties in the state action does not destroy the parallel nature of the cases when all of the parties in the federal action are also parties in the state action. *See Albright v. Sears, Roebuck and Co.,* 1995 WL 664742, at *1, 1995 U.S. Dist. LEXIS 16800, at *5 (E.D.Pa. Nov. 7, 1995) ("because it includes a count against an additional defendant, the state complaint is more embracing."). "The cases need not be identical, however, there must be a likelihood that the state litigation will dispose of all the

---

**4.** The three traditional doctrines are *Pullman, Burford,* and *Younger* abstention. Under *Railroad Comm'n of Texas v. Pullman Co.,* 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941), and its progeny, abstention is appropriate where a state court determination of a question of state law might moot or change a federal constitutional issue presented in a federal court case. According to *Burford v. Sun Oil Co.,* 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed.

1424 (1943), and its progeny, a federal court may abstain where the federal case presents questions of state law in which the state has expressed an interest in establishing a coherent policy in a matter of substantial concern. Finally, under *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and its progeny, if federal jurisdiction has been invoked to restrain certain state proceedings, the federal court may abstain.

claims presented in the federal case." *CFI of Wisconsin, Inc. v. Wilfran Agricultural Industries, Inc.,* 1999 WL 994021, at *2, 1999 U.S. Dist. LEXIS 16896, at *5 (E.D.Pa. Nov. 2, 1999).

 In the instant action, Theodore Flint and Deborah Flint, owners and operators of the property, are plaintiffs in the state and federal actions. Defendant Radiac Abrasives Inc. is a defendant in both actions. The presence of plaintiff Polymeric Systems Inc. and defendants M & R Industries, ABC Corporation 1–10, and John Doe 1–10 in the state action does not destroy the parallel nature of the cases. In fact, the additional defendants in the state action make it "more embracing." *Albright,* 1995 WL 664742, 1995 U.S. Dist. LEXIS, at *5.

All of the claims asserted in the federal Complaint are asserted in the state Amended Complaint. The state action also includes an additional claim for public nuisance, which is not asserted in the federal Complaint. The state action, therefore, would dispose of all of the claims in the federal action as well as one additional claim.

Given that the parties, claims, and underlying facts are the same in both the state and federal Complaints, the actions are parallel.

### 2. *Balancing the Colorado River Factors*

 After determining that the state and federal actions are parallel, the Court must then analyze the actions according to the factors outlined by the Supreme Court as relevant to *Colorado River* abstention:

1. Which court first assumed jurisdiction over the property in the action;

2. Relative inconvenience of the federal forum;

3. Desirability of avoiding piecemeal litigation;

4. Order of filing of the state and federal actions;

5. Whether state or federal law applies to the claims;

6. Whether the state court will adequately protect the parties' interests.

*Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 13–28, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983); *Colorado River,* 424 U.S. at 818–19, 96 S.Ct. 1236.

 The factors are "to be applied in a pragmatic, flexible manner with a view to the realities of the case at hand." *Moses H. Cone,* 460 U.S. at 21, 103 S.Ct. 927. The Third Circuit has, in a series of cases, interpreted *Colorado River* and *Moses H. Cone* to adopt a strong policy against abstention.

In its most recent decision, *Spring City Corporation v. American Buildings Co.,* 193 F.3d 165, 171 (3d Cir.1999), the Third Circuit reviewed a district court order granting the plaintiff's motion to stay two federal actions which were parallel to a state action remanded to the Berks County Court of Common Pleas. *See Spring City Corporation v. American Buildings Co.,* C.A. Nos. 97–8127, 98–105, 98–28, 1998 WL 151003, at **4–5 (E.D.Pa. Mar. 16, 1998) (Padova, J.). In the district court decision, Judge Padova found that the federal actions were parallel to the remanded state action, and then analyzed the Supreme Court's six-factor test outlined in *Colorado River* and *Moses H. Cone:*

The Court notes that the first, second, and fourth factors cited by the Supreme Court have little or no significance here. Neither forum is more convenient than the other—the courts are not located very far apart, and neither court has

exercised jurisdiction over property. The fact that Case No. 98–28 was filed first is also of little importance because Case No. 97–8127 was filed soon thereafter and both cases have progressed at the same rate [ (footnote omitted) ]. The remaining factors weigh heavily in favor of staying Case No. 97–8127. With respect to the third and fifth factors, "the principal reasons to abstain, once abstention has been found to be possible, is to avoid piecemeal litigation and to adjudicate state law issues in state court." *Trent*, 1992 WL 365625, at *6. Here, all of the claims asserted in both actions are based on Pennsylvania law. There is no federal law involved. The sixth factor also weighs in favor of deference to the state action. The Berks County court is certainly capable of protecting the legal rights and interests of the parties. Under these circumstances, the Court finds that the stay of Case No. 97–8127 [and Case No. 98–105] is warranted [ (footnote omitted) ].

*Id.* at *5.

In reversing the district court's order staying the parallel federal actions, the Third Circuit agreed "that it would be more efficient to hold the federal cases in abeyance until the conclusion of the state case. But *Colorado River* abstention must be grounded on more than just the interest in avoiding duplicative litigation." *Spring City*, 193 F.3d at 171–72. The Court went on to emphasize its strong policy against abstention:

> We analyzed this issue in *Ryan v. Johnson*, 115 F.3d 193, 197 (3d Cir.1997), where we noted that in *Moses H. Cone* the Supreme Court reiterated the narrowness of *Colorado River*. We pointed out that even though it is important to prevent "piecemeal litigation," a stay is appropriate only when there is a "strong federal policy against [such] litigation."

*Id.* at 197. This has long been our precedent. . . .

> As we stated in *Ryan*, just as "abstention cannot be justified merely because a case arises entirely under state law,' the question whether parties" interests are protected is only relevant when they are not; that is, "when the state court is adequate, . . . [this] factor carries little weight." *Ryan*, 115 F.3d at 199, 200. . . .

[Plaintiff] relies on this court's decision in *Trent v. Dial Medical of Florida, Inc.*, 33 F.3d 217 (3d Cir.1994), where we affirmed the stay of a duplicative federal proceeding. In *Ryan*, however, we recognized that *Trent*, by focusing principally on the avoidance of piecemeal litigation, was inconsistent with our earlier decisions and the Supreme Court's emphasis in *Colorado River* and *Moses H. Cone* that a "strongly articulated congressional policy against piecemeal litigation" is required to justify a stay. *Ryan*, 115 F.3d at 198. We were concerned that were we to follow what appears to be *Trent's* emphasis on "piecemeal litigation," we would "swallow [ ] up the century-old principle . . . that the pendency of an action in state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Id.* (citations and internal quotation marks omitted). We held in *Ryan* that under Third Circuit Internal Operating Procedure 9.1, our prior case law takes precedence over an inconsistent later case. *Id.*

We agree and hold that *Ryan* represents the applicable law under Third Circuit and Supreme Court precedent. In *Ryan*, we narrowly construed the circumstances that would qualify for *Colorado River* abstention, emphasizing language in *Colorado River* that an abstention, even for "considerations of wise

judicial administration ... can be justified ... only in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest." *Id.* at 195–96 (citation and internal quotation marks omitted).

193 F.3d at 172–73.

■ Mindful of the "exceptional circumstances" required to justify staying a federal action while a parallel state action proceeds, this Court now examines each of the six factors outlined in *Colorado River* and *Moses H. Cone* in order to determine if abstention is appropriate.

### a. Which Court First Assumed Jurisdiction Over the Property

The first factor, whether the state or federal court first assumed jurisdiction over the property, is not relevant, because neither court has exercised control over any property.

### b. Inconvenience of the Federal Forum

The property in question is located in Phoenixville, Pennsylvania in Chester County, and Defendant asserts that many of the witnesses may reside near the Chester County Courthouse. (Def.'s Mot. to Dismiss 6). Although this courthouse is approximately 35 miles from the Chester County Courthouse, Chester County is within this District, and thus the inconvenience of the federal forum is not substantial enough to favor abstention.

### c. Avoidance of Piecemeal Litigation

■ When analyzing this factor, it must be determined whether any federal policy advocates against piecemeal litigation in light of the applicable law in each particular case. *Colorado River*, 424 U.S. at 819, 96 S.Ct. 1236. In *Ryan*, the Third Circuit observed that because every situation involving parallel state and federal litigation is piecemeal by definition, "it is difficult to conceive of *any* parallel state litigation that would not satisfy the 'piecemeal adjudication' factor and militate in favor of *Colorado River* abstention." 115 F.3d at 198 (emphasis in original). For this factor to apply, "there must be a strongly articulated *congressional policy* against the piecemeal litigation in the specific context of the case under review." *Id.* (emphasis in original) (citing *Colorado River*, 424 U.S. at 819, 96 S.Ct. 1236 ("clear federal policy" of "avoidance of piecemeal adjudication")).

In spite of the fact that the General Assembly adopted the Hazardous Sites Clean–Up Act, 35 Pa. Stat. Ann § 6020 *et seq.*, to provide a stringent mechanism for redressing environmental contamination, there is no congressional statute or articulated policy that piecemeal litigation should be avoided in this context. "The presence of garden-variety state law issues has not, in this circuit, been considered sufficient evidence of a congressional policy to consolidate multiple lawsuits for unified resolution in the state courts." *Ryan*, 115 F.3d at 198 (citations omitted). Therefore, the mere existence of piecemeal litigation is not sufficient to justify abstention.

### d. Order in Which Jurisdiction Obtained

■ When examining this factor, the Court should look to which action was filed first as well as how much progress has been made in the two actions. *Moses H. Cone*, 460 U.S. at 21–22, 103 S.Ct. 927.

The state court clearly obtained jurisdiction before this Court. The state action initially was filed in the Philadelphia Court of Common Pleas on March 14, 2001 and transferred to the Chester County Court of Common Pleas on November 1, 2001.

The federal Complaint was filed on March 18, 2002. However, the state court Amended Complaint forming the basis for the present action in Chester County was not filed until July 2002 (Def.'s Mot. to Dismiss 2).

Although discovery in the state action initially was limited to venue, both parties have served interrogatories and document requests, and the defendants have subpoenaed documents from third parties and served written discovery. (Def.'s Mot. to Dismiss 8). The defendants in both the state and federal actions have answered the respective complaints, and this Court outlined a discovery schedule in its July 31, 2002 scheduling order. Although the state action commenced more than a year before the federal action, the state Amended Complaint forming the basis of the current state action was not filed until July 2002, months after the federal action was brought. It appears that each of these cases is at a similar stage, and neither has developed so far as to weigh in favor of or against abstention.

### e. *Whether Federal or State Law Controls*

■ In this action, only state substantive law is at issue. Although the presence of federal issues always weighs against abstention, abstention can not be justified simply because a case arises entirely under state law. *Moses H. Cone*, 460 U.S. at 26, 103 S.Ct. 927. Federal jurisdiction is often invoked under the diversity statute, requiring federal courts routinely to interpret issues entirely within the realm of state law. Accordingly, this factor does not weigh in favor of abstention.

### f. *Whether State Court Will Adequately Protect Parties' Interests*

■ The adequacy of the state forum normally is only relevant when the state forum can not adequately protect the rights of the parties. *Moses H. Cone*, 460 U.S. at 26–27, 103 S.Ct. 927; *Ryan*, 115 F.3d at 200. The state forum in the instant case is adequate, and this factor neither supports nor refutes abstention.

### IV. *Case Management*

Defendant has also moved for an extension of discovery deadlines and for a scheduling conference. This Motion will be granted. Since Defendant must defend both this case and the essentially identical state court case, it is important to minimize any extra burden that Defendant would have to shoulder by virtue of these two cases proceeding at the same time.

Thus, the Court will direct the parties to discuss among themselves, and be prepared to discuss at the scheduling conference, the following:

1. Whether all requests for documents made in the state court case, and documents produced in the state court case, shall be considered to have been made, and the documents produced, in this case.

2. Whether all depositions taken in the state court case shall be considered as being taken in this case, and may carry the caption of this case as well as the state court case.

3. Whether any expert reports submitted in the state court case will be considered to have been submitted in this case.

4. Whether, although state court rules do not allow for expert depositions, the parties should be allowed to take depositions of each other's experts, as provided in the Federal Rules of Civil Procedure.

### V. *Conclusion*

For the reasons discussed above, having found that this case does not present the "exceptional circumstances" necessary to abstain, Defendant's Motion to Dismiss, or,

in the Alternative, to Stay Proceedings pending disposition of the action in the Chester County Court of Common Pleas will be denied. The Motions to Join Third–Party Defendants will be granted.

An appropriate Order follows.

## *ORDER*

AND NOW, this 22nd day of November, 2002, in consideration of Defendant's Motion to Dismiss, or, in the Alternative, to Stay Proceedings (Doc. No. 13) and Plaintiff's opposition thereto, it is hereby

ORDERED that Defendant's Motion is DENIED.

It is further ORDERED that Defendant's Motion to Join Third–Party Defendant Textron Inc. (Doc. No. 17) is GRANTED and Defendant's Motion to Join Third–Party Defendant Specialty Chemical Systems, Inc. (Doc. No. 20) is GRANTED. These parties shall be served promptly so that their counsel may attend the Scheduling Conference.

Defendant's Motion for an Extension of Discovery Deadlines and for a Scheduling Conference (Doc. No. 21) is GRANTED. A conference shall be held December 5, 2002, at 3 p.m. Please call chambers for courtroom assignment. At the conference, the Court will also consider Plaintiff's Motion to Determine Sufficiency of Defendants' Answers to Requests for Admissions (Doc. No. 27). Defendant shall file a brief in response to Plaintiff's Motion by December 3, 2002.