**LEGAL ASSET FUNDING, LLC, Plaintiff,**

v.

**Kevin VENESKI and Juanita Veneski, Defendants.**

**No. CIV.A.3:04 CV 1156.**

United States District Court, M.D. Pennsylvania.

Feb. 14, 2005.

---

*Id.*

Donald H. Brobst, Robert N. Gawlas, Jr., Rosenn Jenkins & Greenwald, Wilkes–Barre, PA, for Plaintiff.

Norman L. Cousins, Norman Leonard Cousins, New York City, Walter T. Grabowski, Holland, Brady & Grabowski, P.C., Wilkes–Barre, PA, for Defendants.

## MEMORANDUM

CAPUTO, District Judge.

Before me is Motion to Stay Proceedings (Doc. 13) filed by Plaintiff. Plaintiff contends that because there is a parallel action in New Jersey state court which was filed prior to this action, this case should be stayed pending the determination of the New Jersey case. Because I am not convinced that the New Jersey action is a parallel action and because I find the *Cone* factors weigh against granting a stay, the motion will be denied.

### *DISCUSSION*

■ It is settled that my ability to stay this action is "incidental" to the Court's "inherent power," *Landis v. North Am. Co.*, 299 U.S. 248, 57 S.Ct. 163, 81 L.Ed. 153 (1936), and that motions seeking a stay are addressed to my discretion, *Bechtel v. Local 215 Laborers' Int'l Union*, 544 F.2d 1207, 1215 (3d Cir.1976).

■ It is also settled that in ruling on whether to stay an action because of parallel state court litigation, several factors must be considered: (1) which court first assumed jurisdiction; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether federal or state law controls; and (6) whether the state court will adequately protect the interests of the parties. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983); *see also Spring City Corp. v. Am. Builds. Co.*, 193 F.3d 165, 171 (3d Cir.1999).

■ Before I reach the *Cone* factors, I must be satisfied the New Jersey action is parallel. It appears there are parties and disputes in the New Jersey case which are not in the instant matter. It may well be that the issue here presented is also presented in the New Jersey case; however, it is clearly not the only issue and the parties here are not the only New Jersey parties. It is my view that the action in New Jersey is not a parallel action. The analysis could thus end here. I will nevertheless consider the *Cone* factors as though the New Jersey action was parallel.

First, with respect to which court assumed jurisdiction, it is clear that New Jersey first assumed jurisdiction. Second, with respect to the factor considering the convenience of the federal forum, I find that the federal forum is convenient to Defendants. They reside in Pike County which is located in the Middle District of Pennsylvania. Plaintiff brought this action, so Plaintiff cannot be heard to complain of inconvenience of the federal forum. Third, while I agree piecemeal litigation should be avoided, pursuing the New Jersey action instead of this action does not accomplish that objective. As noted, there are other parties and issues in the New Jersey case which are not present here. There is reason to believe that because of the single issue in this case between the parties, this case will be resolved before the New Jersey case. Forth, with respect to the order in which jurisdiction was obtained, this has already been noted: New Jersey first exercised jurisdiction. Fifth, with respect to whether state or federal law governs, it is clear that state law will govern these two cases. Sixth, with respect to whether the state court will adequately protect the interests of the parties, I have no doubt the New Jersey court will adequately protect the interests of the parties. However the indications are that because of the additional parties and issues, the resolution of the New Jersey case is likely to be at a time later than the time this case can be expected to be resolved.

The balancing of the *Cone* factors are pretty much neutral. The certainly do not dictate a stay. Plaintiff points out that the New Jersey case is farther along *viz* discovery is nearly concluded. While that may be so, the additional parties and issues still exist there, and in any event, there is no reason why discovery taken there cannot be used here.

Finally, I note that Plaintiff, after filing this suit, seeks the stay. Meanwhile, Defendants want to litigate here. This is indeed unusual. I cannot help but conclude it is not an abuse of discretion to have Plaintiff litigate in the venue it chose. Accordingly, the motion will be denied.

An appropriate order follows.

### *ORDER*

**NOW**, this 14th day of February, 2005, IT IS HEREBY ORDERED that Plaintiff's Motion to Stay Proceedings (Doc. 13) is **DENIED**.