**BIL MANAGEMENT CORPORATION,**
Appellant

v.

**NEW JERSEY ECONOMIC
DEVELOPMENT
AUTHORITY.**

No. 07–1077.

United States Court of Appeals,
Third Circuit.

Submitted under Third Circuit
LAR 34.1(a) Feb. 7, 2008.

Opinion filed: April 23, 2008.

Edward F. Borden, Jr., Kristin J. Telsey, Earp Cohn, Cherry Hill, NJ, for Appellant.

Sharon D. Dickerson, Office of Attorney General of New Jersey Division of Law, Trenton, NJ, for New Jersey Economic Development Authority.

Before: MCKEE and AMBRO, Circuit Judges and TUCKER, District Judge.*

OPINION

TUCKER, District Judge.

BIL Management Corporation ("BIL") appeals the Order of the U.S. District Court for the District of New Jersey,

* Honorable Petrese B. Tucker, United States District Court Judge for the Eastern District of Pennsylvania, sitting by designation.

granting the motion to dismiss of Defendant–Appellee, New Jersey Economic Development Authority ("NJEDA"). The underlying dispute involves a breach of contract action relating to the termination of a ground lease for property located on the waterfront in Camden, New Jersey. BIL filed nearly identical breach of contract suits in federal and state courts. The District Court dismissed BIL's complaint based on the doctrine of abstention. For the reasons set forth below, we affirm the District Court's decision to abstain.

## I. BACKGROUND

In August 2004, BIL and NJEDA entered into a Ground Lease providing for BIL's construction and operation of a large format, three dimensional IMAX theater on the waterfront in Camden, New Jersey. On May 2, 2005, NJEDA issued to BIL a Notice of Termination, canceling the Ground Lease and any attendant agreement between the parties. In the Notice, NJEDA cited BIL's failure to secure "unconditional and legally binding financial commitments" by May 1, 2005 as required by the Ground Lease Agreement. BIL informed NJEDA that it had secured financing from its three principals, who had committed their personal resources to the project. Despite BIL's protest, NJEDA rejected BIL's purported financing and did not provide BIL with an opportunity to cure the alleged defaults as required by the Ground Lease Agreement.

On June 1, 2005, BIL commenced an action against NJEDA in the Superior Court of New Jersey, Camden County (hereinafter "the state court action"). BIL's state-court complaint sought (1) specific performance, and damages for (2) breach of contract, (3) breach of the duty of good faith and fair dealing, and (4) unjust enrichment. On October 18, 2005, NJEDA filed a pre-discovery motion for summary judgment, which the state court denied on November 18, 2005. Thereafter, the parties commenced discovery.

On February 9, 2006, eight months after initiating the state court action, BIL filed a nearly identical complaint against NJEDA in the U.S. District Court for the District of New Jersey (hereinafter "the federal court action"). In the federal court action, BIL did not seek specific performance but repeated all other state law claims contained in the state-court complaint. On February 15, 2006, BIL presented to NJEDA a proposed consent order to dismiss the state court action without prejudice. NJEDA refused to sign the proposed consent order, and instead filed a motion to dismiss the federal court action based on abstention and/or New Jersey's entire controversy doctrine. On December 8, 2006, the District Court dismissed BIL's complaint, finding that abstention was appropriate under *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) and its progeny. This appeal followed.

## II. STANDARD OF REVIEW

In determining whether *Colorado River* abstention is appropriate, the district court must engage in a two-step inquiry. First, the district court must decide whether the actions are parallel. *Ryan v. Johnson,* 115 F.3d 193, 196 (3d Cir.1997). If the actions are not parallel, the district court lacks authority to abstain. *Id.* This initial finding is subject to plenary review. *Id.* (citing *Trent v. Dial Medical, Inc.,* 33 F.3d 217, 223 (3d Cir.1994)). Next, the district court must determine whether abstention is proper by weighing the six factors set forth in *Colorado River* and its progeny. *Id.* Generally, the district court's determination is reviewed for abuse of discretion; however, "to the extent the district court

evaluated a factor based on an erroneous view of the law, it necessarily abused it discretion and [appellate] review becomes plenary." *Id.*

Here, BIL does not dispute the District Court's finding that the state and federal court actions are parallel. The sole issue on appeal is whether the District Court properly determined that abstention was appropriate under Colorado River and its progeny.

## III. DISCUSSION

Under *Colorado River*, abstention to achieve "wise judicial administration" is permissible only in "exceptional circumstances." *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 14–15, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) (quoting *Colorado River*, 424 U.S. at 813, 817, 96 S.Ct. 1236). In deciding whether "exceptional circumstances" exist to justify abstention, the court must balance six factors: (1) which court first assumed jurisdiction over property involved, if any; (2) the relative convenience of the fora; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether federal or state law applies and (6) whether the state court will adequately protect the federal plaintiff's interests. *Spring City Corp. v. American Bldgs. Co.*, 193 F.3d 165, 171 (3d Cir.1999). "No one factor is determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counselling against that exercise is required." *Colorado River*, 424 U.S. at 818–19, 96 S.Ct. 1236. The factors must be balanced in "a pragmatic, flexible manner with a view to the realities

of the case at hand." *Moses H. Cone*, 460 U.S. at 16, 103 S.Ct. 927.

█ Here, the District Court determined that five of the six factors weighed in favor of abstention and the remaining factor—the relative convenience of the fora—was neutral. More precisely, the District Court found abstention proper because (1) the state court had assumed jurisdiction over the res at issue in that proceeding, namely the Camden waterfront property which was the subject of the Ground Lease; (2) both the federal and state courts were convenient fora; (3) piecemeal litigation would result if the federal court action were to continue simultaneously with the state court action; (4) the state court first obtained jurisdiction and had already decided a motion for summary judgment and presided over months of discovery; (5) state law applied to BIL's claims; and (6) the state court could adequately protect BIL's federal rights.

The District Court did not abuse its discretion in determining that a balance of the relevant factors made abstention proper. First, the presence of an *in rem* dispute in the state court action weighs in favor of abstention. *See Moses H. Cone*, 460 U.S. at 19, 103 S.Ct. 927 (noting importance of "assumption by *either* court of jurisdiction over any res or property"); *see also Ryan*, 115 F.3d at 196. Second, the equal convenience of the two fora is a neutral, or non-existent, factor. *Moses H. Cone*, 460 U.S. at 19, 103 S.Ct. 927 (noting that where both fora are convenient, the second factor is "not present"). Third, avoidance of piecemeal litigation is desirable but there is no "strongly articulated congressional policy against piecemeal litigation" relevant to this particular case.[1]

---

**1.** The Court is mindful of NJEDA's argument that there is a strong federal policy against forum-shopping as evidenced by the federal

removal statute, 28 U.S.C. § 1441, which permits only the defendant to remove an action to federal court, and that BIL in waiting eight

*Ryan,* 115 F.3d at 198; *see also CTF Hotel Holdings v. Marriott Int'l,* 381 F.3d 131, 139 (3d Cir.2004) (stating that judicial efficiency alone cannot support abstention); *Spring City,* 193 F.3d at 171–172 ("Colorado River abstention must be based on more than just the interest in avoiding duplicative litigation."). Fourth, the state court action had progressed to consideration and denial of a pre-discovery motion for summary and several months of discovery by the parties. *See Moses H. Cone,* 460 U.S. at 21, 103 S.Ct. 927 (stating that the jurisdictional order analysis "should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions"). Fifth, state law governs all of BIL's claims. *See Ryan,* 115 F.3d at 199 ("[A]bstention cannot be justified *merely* because a case arises entirely under state law," but the presence of only state law claims carries some weight in the abstention analysis (citing *Moses H. Cone,* 460 U.S. at 26, 103 S.Ct. 927)). Sixth and finally, BIL's initial filing of its complaint in state court belies any claim that the state court cannot adequately protect BIL's interests. It is clear from the record that BIL laments its initial choice of a state court forum due to what it apparently views as inadequate state procedures for compelling out-of-state discovery, but BIL has not shown, and is likely unable to show, that the state court's discovery procedures are in fact inadequate.

■ In sum, the District Court did not abuse its discretion in finding that on balance, the *Colorado River* factors favored abstention. Accordingly, we affirm the District Court's decision to abstain. How-ever, we also note that BIL's complaint should not have been dismissed outright. Because the federal court action involves claims for damages, rather than equitable relief, it should be stayed pending outcome of the state court action. *See Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706, 719, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996) ("[A]ctions 'at law' only permit a federal court to enter a stay order that postpones adjudication of the dispute, not to dismiss the federal suit altogether."). The matter is remanded to the District Court for action consistent with this Opinion.

months to file the federal court action sought is engaged in impermissible forum shopping and impermissible circumvention of the removal statute. Nonetheless, the Court cannot read additional language into the removal statute; section 1441, which prevents a plaintiff from removing an action to federal court, does not prevent refiling of the same or a similar action in federal court.