**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 16-3162

———————

JAMES L. CHAMBERS, JR.,
                                        Appellant

v.

WELLS FARGO BANK, N.A.;
FEDERAL HOME LOAN MORTGAGE CORPORATION, a/k/a Freddie Mac;
REED SMITH, LLP; FLEMING L. WARE; DOES 1-100

———————————————————

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1-15-cv-06976)
District Judge:  Honorable Jerome B. Simandle

———————————————————

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 2, 2017

Before: RESTREPO, SCIRICA and FISHER, Circuit Judges

(Opinion filed:  March 9, 2018)

———————

OPINION[*]

———————

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

James Chambers, Jr., appeals pro se from the District Court's order dismissing his complaint in this consumer rights case. For the following reasons, we will affirm.

I.

In November 2007, Chambers and his wife entered into a mortgage loan agreement with Wells Fargo in order to purchase residential property in Florence, New Jersey.[1] Chambers modified the loan agreement in January 2014 with a Home Affordable Modification Program (HAMP) agreement, which "amend[ed] and supplement[ed]" the original mortgage loan agreement by increasing the principal balance due on the mortgage in exchange for a lower interest rate and lower monthly payments.[2] Despite the lower monthly payments afforded by the HAMP agreement, Chambers defaulted.

On August 7, 2014, Wells Fargo commenced a mortgage foreclosure action in the Burlington County Chancery Division of the Superior Court of New Jersey. Chambers opposed Wells Fargo's right to foreclose, asserting that he and his wife were entitled to rescind their mortgage because Wells Fargo had violated certain notice provisions under the Truth in Lending Act (TILA), 15 U.S.C. §1635, and its implementing regulation, 12

---

[1] Although Chambers's wife, Maritza Chambers, is a signatory on the loan documents, she is not a party to this lawsuit.

[2] The HAMP, codified at 12 U.S.C. § 5201, is a loan modification program designed by the Federal Home Loan Mortgage Corporation (Freddie Mac) to assist at-risk homeowners by promoting loan modifications and reducing monthly mortgage payments.

C.F.R. § 1026.23 (Regulation Z). The Superior Court rejected Chambers's arguments, and, on May 29, 2015, entered summary judgment in Wells Fargo's favor. The Superior Court then transferred the action to the Office of Foreclosure of the Superior Court to proceed as an uncontested foreclosure. As of the date of this writing, the foreclosure matter is still pending there.

Meanwhile, in September 2015, Chambers filed a complaint in the United States District Court for the District of New Jersey. Chambers claimed that he was entitled to rescind his mortgage because Wells Fargo and Freddie Mac had violated the applicable TILA-notice provisions during the execution of the 2014 HAMP loan. Chambers further claimed that neither Wells Fargo nor Freddie Mac had complied with their statutory obligation to respond to his notice of rescission.[3]

The defendants moved to dismiss the complaint for lack of subject-matter jurisdiction and failure to state a claim under Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure, and Chambers moved "to strike" the motion. By opinion and order entered June 28, 2016, the District Court determined that it was appropriate to abstain

---

[3] Chambers named as defendants Wells Fargo, Freddie Mac, Reed Smith, and Fleming L. Ware, an associate at Reed Smith. The District Court dismissed the claims against Reed Smith and Ware on the ground that they were barred by New Jersey's litigation privilege. Chambers does not challenge this ruling on appeal.

3

under the Colorado River doctrine[4] from ruling on Chambers's TILA claims because the same or similar claims were pending in the state-court foreclosure proceedings.[5]

Chambers now appeals.

## II.

We have jurisdiction to review the District Court's order dismissing Chambers's complaint under 28 U.S.C. § 1291. We exercise plenary review over a district court's decision to grant a motion to dismiss pursuant to Rule 12(b)(1) or 12(b)(6) of the Federal Rules of Civil Procedure. Free Speech Coal., Inc. v. Att'y Gen., 677 F.3d 519, 529–30 (3d Cir. 2012). In reviewing a decision to abstain under the Colorado River doctrine, we exercise plenary review over legal questions, including the determination of whether the proceedings in state and federal court are properly considered "parallel." See Ryan v. Johnson, 115 F.3d 193, 196 (3d Cir. 1997). If the proceedings are parallel, we review for abuse of discretion a district court's decision to abstain. Id.

## III.

We will affirm. We recognize, as did the District Court, that federal courts have a "virtually unflagging obligation to exercise the jurisdiction given them," and that "[a]bstention, therefore, is the exception rather than the rule." Raritan Baykeeper v. NL Indus., 660 F.3d 686, 691 (3d Cir. 2011) (internal quotation marks, alteration omitted).

---

[4] Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976).

[5] The District Court further determined that, in any event, Chambers failed to state a claim to enforce rescission of his HAMP agreement under the TILA and Regulation Z.

Nevertheless, abstention under the Colorado River doctrine is appropriate under principles of "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." Colorado River, 424 U.S. at 817.

Whether abstention is appropriate is a two-part inquiry. The initial question is whether there is a parallel state proceeding that raises "substantially identical claims [and] nearly identical allegations and issues." Yang v. Tsui, 416 F.3d 199, 204 n.5 (3d Cir. 2005) (internal quotation and citation omitted). If the proceedings are parallel, the court considers whether an action presents "extraordinary circumstances" by evaluating the following factors: "(1) [in an in rem case,] which court first assumed jurisdiction over [the] property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether federal or state law controls; and (6) whether the state court will adequately protect the interests of the parties." Nationwide Mut. Fire Ins. Co. v. George Hamilton, Inc., 571 F.3d 299, 308 (3d Cir. 2009) (quoting Spring City Corp. v. Am. Bldgs. Co., 193 F.3d 165, 171 (3d Cir. 1999)).

First, we see no error in the District Court's determination that Chambers's federal action was "parallel" to the state-court foreclosure action, as Chambers's claims in the District Court are nearly identical to those raised as defenses in the state foreclosure action.

Moreover, we detect no abuse of discretion in the District Court's weighing of the six factors identified above. First, the presence of an in rem dispute in the state court

5

action weighs in favor of abstention.  See Moses H. Cone Memorial Hosp. V. Mercury Constr. Corp., 460 U.S. 1, 19 (1983) (noting the importance of "assumption by either court of jurisdiction over any res or property").  Second, given the relative proximity of both forums to Chambers's home, the next factor—that is, whether the federal forum is inconvenient—does not weigh either in favor or against abstention.  In addition, as the District Court noted, piecemeal litigation is problematic here, as inconsistent results would create confusion over the parties' rights and obligations regarding the mortgage, HAMP agreement, and property.  Next, and significantly, the state court has already considered—and rejected—Chambers's TILA claims.[6]  Relatedly, there is no indication that the New Jersey courts are an inadequate forum in which to litigate those claims.  Furthermore, given that Chambers brought his TILA claims to federal court only after the state court ruled against him, he may have done so in an effort to circumvent the state-court proceedings already underway.  See Holder v. Holder, 305 F.3d 854, 870 (9th Cir. 2002) (recognizing as a relevant factor whether exercising jurisdiction would promote forum shopping).  Indeed, it appears that the only factor that weighs against abstention is the fifth factor—that federal law controls.

---

[6] The District Court declined to dismiss the complaint based on res judicata because, although the state court had issued a summary judgment ruling, the foreclosure action remained pending.  Because we affirm the District Court's reliance on the Colorado River abstention doctrine, we need not address whether Chambers's TILA claims may also be barred under principles of res judicata.

Under these circumstances, we will not disturb the District Court's discretionary decision to abstain from adjudicating Chambers's complaint. Amendment would have been futile. See Alston v. Parker, 363 F.3d 229, 236 n.10 (3d Cir. 2004).

IV.

We have reviewed Chambers's remaining arguments and conclude that they are meritless. We will affirm the District Court's judgment.

7