

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-3-2005

# Yang v. Tsui

Precedential or Non-Precedential: Precedential

Docket No. 03-4714

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Yang v. Tsui" (2005). *2005 Decisions*. Paper 628.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/628

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 03-4714

———

TSAI-YI YANG

Appellant

v.

FU-CHIANG TSUI

———

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 03-cv-01613)
District Judge: Honorable Thomas M. Hardiman

———

Argued September 30, 2004

Before: ROTH, BARRY, and CHERTOFF*, Circuit Judges.

(Filed:    August 3, 2005)

Walter A. Angelini, Esquire (Argued)
Angelini & Angelini
3067 Pennsylvania Avenue
Weirton, WV 26062

        <u>Counsel for Appellant</u>


Andrew D. Glasgow, Esquire (Argued)
Dean E. Collins, Esquire
345 Fourth Avenue, 10th Floor
Standard Life Building
Pittsburgh, PA 15222

        <u>Counsel for Appellee</u>

_____

OPINION OF THE COURT

_____

_____

   * Judge Chertoff heard oral argument in this case but resigned prior to the time the opinion was filed.  The opinion is filed by a quorum of the panel.  28 U.S.C. § 46(d).

2

**ROTH**, Circuit Judge:

Tsai-Yi Yang filed a Petition pursuant to the Convention on the Civil Aspects of International Child Abduction, done at The Hague on October 25, 1980 (Hague Convention), and the International Child Abduction Remedies

Act, 42 U.S.C. § 11601, et seq. (2004) (ICARA), its implementing statute, in the U.S. District Court for the Western District of Pennsylvania. Citing Younger v. Harris, 401 U.S. 37 (1971), the District Court abstained from consideration of the Petition and denied as moot Yang's motion to stay state court custody proceedings. Yang filed a timely appeal. For the reasons that follow, we will reverse the District Court's decision to abstain and will remand the case for proceedings consistent with this opinion.

I.      **Background**

The undisputed facts are that Tsai-Yi Yang and Fu-Chiang Tsui are the mother and father, respectively, of a daughter. Yang is a resident of British Columbia, Canada, and Tsui is a resident of Pittsburgh, Pennsylvania. A dispute as to the custody of the child led each party to file for custody, resulting in an award of custody to Tsui in Pennsylvania and an award of custody to Yang in British Columbia. After unsuccessfully attempting to secure a voluntary return of the child, Yang filed this Petition with the District Court.

## II. Jurisdiction and Standard of Review

The District Court had jurisdiction pursuant to ICARA, 42 U.S.C. § 11603. At the time Yang's Petition was filed in the District Court, the child was located in Pittsburgh, Pennsylvania. We have appellate jurisdiction over the appeal from the District Court's final order pursuant to 28 U.S.C. § 1291.

4

We exercise plenary review over the legal determination of whether the requirements for <u>Younger</u> abstention have been met and, if so, we review the District Court's decision to abstain for abuse of discretion. <u>O'Neill v. City of Phila.</u>, 32 F.3d 785, 790 (3d Cir. 1994). In reviewing the District Court's denial of the motion to stay, we exercise plenary review over the District Court's legal conclusions. <u>Shire U.S. Inc. v. Barr Labs., Inc</u>., 329 F.3d 348, 352 (3d Cir. 2003).

## III. Discussion

### A. The Hague Convention

The Hague Convention is a multilateral treaty on parental kidnapping to which the United States and Canada are signatories. The Hague Convention's goal is to "protect children internationally from the harmful effects of their wrongful removal or retention and to establish procedures to

5

ensure their prompt return to the State of their habitual residence, as well as to secure protection for rights of access." Hague Convention, Preamble, 19 I.L.M. 1501, 1501 (1980). Article 16 provides that "until it has been determined that the child is not to be returned under the Convention," the state to which the child has been removed "shall not decide on the merits of rights of custody." Hague Convention, art. 16, 19 I.L.M. at 1503. Article 17 provides that "[t]he sole fact that a decision relating to custody has been given in or is entitled to recognition in the [country to which the child has been taken] shall not be a ground for refusing to return a child under this Convention . . ." Id., art. 17, 19 I.L.M. at 1503.

ICARA, 42 U.S.C. §§ 11601 et seq., implements the Hague Convention in the United States. ICARA vests state and federal courts with concurrent jurisdiction over claims under the Convention. 42 U.S.C. § 11603(a). ICARA further

6

provides "[t]he court in which an action is brought under subsection (b) of this section shall decide the case in accordance with the Convention."  42 U.S.C. § 11603(d).

### B.    _Younger_ Abstention

Although the general rule is that the pendency of a state court proceeding is not a reason for a federal court to decline to exercise jurisdiction established by Congress, McClellan v. Carland, 217 U.S. 268, 281-82 (1910), an exception to that rule is Younger abstention.  Younger, 401 U.S. 37 (1971), established a principle of abstention when federal adjudication would disrupt an ongoing state criminal proceeding.  This principle has been extended to civil proceedings and state administrative proceedings.  Moore v. Sims, 442 U.S. 415 (1979), Williams v. Red Bank Board of Education, 662 F.2d 1008, 1017 (3d Cir. 1981) (overruled on other grounds as recognized in Schall v. Joyce, 885 F.2d 101,

7

108 (3d Cir. 1989).  Three requirements must be met before

Younger abstention is appropriate:  (1) there must be an

ongoing state judicial proceeding to which the federal

plaintiff is a party and with which the federal proceeding will

interfere, (2) the state proceedings must implicate important

state interests, and (3) the state proceedings must afford an

adequate opportunity to raise the claims.  FOCUS v.

Allegheny County Court of Common Pleas, 75 F.3d 834, 843

(3d Cir. 1996).[1]

---

[1]  We note that the Second, Seventh, and Ninth Circuit Courts of Appeals have developed Younger criteria that vary from those in this Court.  The Second Circuit has explicitly stated that it considers "whether the state action concerns the central sovereign functions of state government . . .." Philip Morris, Inc. v. Blumenthal, 123 F.3d 103, 106 (2d Cir. 1997). We do not undertake such a consideration.  The Seventh and Ninth Circuits have held that the Younger doctrine applies only when "the federal plaintiff ha(s) engaged in conduct actually or arguably in violation of state law, thereby exposing himself to an enforcement proceeding in state court."  Bouvagnet v. Bouvagnet, No 01-3928, 2002 U.S. App. LEXIS 17661 at *15

8

The issue whether a District Court should abstain from a Hague Convention Petition when a state court custody proceeding is pending is an issue of first impression in this Court.[2]  Courts in several other circuits, however, have previously addressed this issue.  Although the federal courts applying abstention doctrines to Hague Convention Petitions have reached different results as to whether to exercise

_____

(7th Cir. July 26, 2002),(withdrawn 2002 U.S. App. LEXIS 17954) (internal quotations omitted).  See also Green v. City of Tuscon, 255 F.3d 1086, 1093-94 (9th Cir. 2001) (en banc) (finding that Younger "ordinarily. . . although not always" applies when the state proceeding is an enforcement action against the federal plaintiff) (overruled in part on other grounds in Gilbertson v. Albright, 381 F.3d 965, 968-69 (9th Cir. 2004) (en banc)).  We have no such restriction.

[2]  There are cases in the Third Circuit in which a Hague Convention Petition has been adjudicated by a District Court, where a state proceeding is ongoing but where abstention was never raised.  See, e.g., Feder v. Evans-Feder, 63 F.3d 217 (3d Cir. 1995), In re Application of Sasson v. Sasson, 327 F. Supp. 2d 489 (D.N.J. 2004).

9

abstention, there is a pattern in their analyses. In a situation where there is a state court custody proceeding and a petition is filed in federal court under the Hague Convention, but the Hague Convention has not been raised, or raised but not litigated, in the state court, the federal court has generally found that abstention is not appropriate. See Gaudin v. Remis, No. 03-15687, 2005 WL 1661593 (9th Cir., July 18, 2005), Holder v. Holder, 305 F.3d 854 (9th Cir. 2002); Silverman v. Silverman, 267 F.3d 788 (8th Cir. 2001); Lops v. Lops, 140 F.3d 927 (11th Cir. 1998); Hazbun Escaf v. Rodriguez, 191 F. Supp. 2d 685 (E.D.Va. 2002). But see Bouvagnet v. Bouvagnet, 2001 WL 1263497 (N.D.Ill. 2001).[3]

---

[3] The Seventh Circuit Court of Appeals issued an opinion in Bouvagnet, finding that abstention was not appropriate, but withdrew that opinion due to the parties settling out of court. Bouvagnet v. Bouvagnet, 45 Fed. Appx. 535 (7th Cir. 2002).

Where the Hague Convention Petition has been raised and litigated in the state court, abstention by the federal court has generally been found to be appropriate. See Copeland v. Copeland, 134 F.3d 362, 1998 WL 45445 (4th Cir. 1998) (table), Cerit v. Cerit, 188 F. Supp. 2d 1239 (D. Haw. 2002).

## C. Application of <u>Younger</u> to the Instant Case

The first question in applying the Younger abstention doctrine to a Petition raising Hague Convention claims in federal court is whether the federal proceeding will interfere with an ongoing state proceeding. It is clear that if the state proceeding is one in which the petitioner has raised, litigated and been given a ruling on the Hague Convention claims, any subsequent ruling by the federal court on these same issues would constitute interference. It seems equally clear that, if the state court in a custody proceeding does not have a Hague Convention claim before it, an adjudication of such a claim by

11

the federal court would not constitute interference.

The difference in subject matter between a custody determination and an adjudication of a Hague Convention Petition is the reason for finding no interference if the Hague Convention issues have not been presented in state court. Custody litigation in state court revolves around findings regarding the best interest of the child, relying on the domestic relations law of the state court. An adjudication of a Hague Convention Petition focuses on findings of where the child was habitually located and whether one parent wrongfully removed or retained the child.[4] Hague Convention, art. 3, 19 I.L.M. at 1501. These

---

[4] In addition, as Tsui argues, if one year has elapsed since a child was wrongfully removed or retained when a Petition is filed, a court must also determine whether the child is "settled in its new environment." Hague Convention, art. 12, 19 I.L.M. at 1502. However, Yang in this case is raising a claim for wrongful retention, not removal, which puts Yang's Petition

12

are distinct determinations and the statutory language of the Hague Convention and ICARA explicitly provides that these determinations do not need to be made by the same court, "[t]he Convention and this chapter empower courts in the United States to determine only rights under the Convention and not the merits of any underlying child custody claims." 42 U.S.C. § 11601(b)(4).

The Hague Convention proceedings can in fact be held in either state or federal court. ICARA vests concurrent jurisdiction over Hague Convention Petitions in both court systems. 42 U.S.C. § 11603(a). Thus, a state court custody proceeding can include consideration of a Hague Convention

---

inside the one year period (the Petition was filed on October 23, 2003 and, based on the letter of permission for the child to travel, the earliest possible date of retention is October 25, 2002 and the more logical date is December 11, 2002, when Tsui filed for custody). Thus, the "well-settled" determination would not be relevant in this case.

Petition. But the petitioner is free to choose between state or federal court. More significantly to the case before us, the Hague Convention provides that any state court custody litigation be stayed pending the outcome of the Hague Convention litigation. Hague Convention, art. 16, 19 I.L.M. at 1503. Although ICARA does not contain a similar express provision, the purpose of the Hague Convention is to provide for a reasoned determination of where jurisdiction over a custody dispute is properly placed. Therefore, it is consistent with this purpose that it is the custody determination, not the Hague Convention Petition, that should be held in abeyance if proceedings are going forward in both state and federal courts.

In the instant case, however, the District Court ruled that it was the state court custody proceeding, not the Hague Convention Petition, that should go forward. In doing so, the

14

court found that "the parties are engaged in ongoing judicial proceedings" and, thus, without further discussion, found that the first prong of Younger was satisfied. It appears that the District Court did not apply the full analysis of the first prong of Younger, whether a federal proceeding would interfere with those ongoing state proceedings, particularly in light of the language and purpose of the Hague Convention. The parties agree that Yang has not raised the Hague Convention in state court. In addition, the state court has entered an interim custody order in favor of Tsui but has held no hearings and made no findings with regard to the Hague Convention. Thus, the District Court's adjudication of the Hague Convention Petition would have been consistent with the statutory provisions and would not have interfered with the state court proceedings. In fact, given that Yang has obtained an order of custody from the Canadian courts and

15

Tsui has obtained a custody order from the Pennsylvania courts, it would seem appropriate to have a federal court adjudication, pursuant to the Hague Convention, of whether Canada or Pennsylvania is the habitual residence of the child and thus the location of the court which should properly decide the custody issue.

The second prong of Younger is that the state court proceedings must implicate important state interests. In analyzing this prong, the District Court found that "it is well-settled that family law is an important state interest, and federal courts should defer to state primacy . . . not only out of comity but also because the state is often more expert than are [federal courts] at understanding the implications of each decision in its practiced field." (internal quotations omitted). Thus, without further discussion, the District Court found that the second prong of Younger was satisfied. Although the

16

District Court is correct that domestic relations are traditionally the domain of state courts, the District Court neglected to consider that Yang's Petition was not one for custody, but rather one for return of a child under the Hague Convention and ICARA, which is a federal statutory matter. See Hazbun Escaf, 191 F. Supp. 2d at 693 (finding wrongful retention determination, as distinct from custody, is not an important state interest). It would make the Hague Convention and ICARA meaningless if a federal court abstained in a Hague Convention Petition because child custody was being disputed in state court. ICARA explicitly provides the federal courts with jurisdiction to determine jurisdiction over custody disputes under the Hague Convention. If the District Court's analysis were to be accepted, ICARA would be a hollow statute.

The third prong of Younger is whether the state

17

proceedings afford an adequate opportunity to raise federal claims. The District Court found that "because Congress gave state and federal courts concurrent original jurisdiction under [ICARA], Petitioner has had adequate opportunity to raise this Petition before the Court of Common Pleas." Yang chose, however, not to do so, and the language of ICARA does not require her to raise the Hague Convention issue in state court. Indeed, we conclude that it would not be appropriate to apply Younger abstention to deprive a petitioner of a specific grant of jurisdiction in federal court, which she has in fact elected to exercise.

## D. Motion to Stay

As discussed above, the District Court erred in dismissing Yang's Petition because the requirements of

18

abstention were not met.[5] As a result, Yang's Petition should have been considered by the District Court. Thus, the District Court's dismissal as moot of Yang's Motion to Stay was also in error.

## IV. Conclusion

For the reasons discussed, above, abstention is not

---

[5] Although the District Court did not address <u>Colorado River</u> abstention, because some Hague Convention cases do address <u>Colorado River</u> abstention, because Tsui raised <u>Colorado River</u> abstention in his brief, and for reasons of judicial efficiency, it is useful to note those requirements here. The threshold question in this analysis is whether there is a parallel state proceeding. <u>Colorado River Water Conservation District v. United States</u>, 424 U.S. 800, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976). Parallel cases involve the same parties and "substantially identical" claims, raising "nearly identical allegations and issues." <u>Timoney v. Upper Merion Twp</u>., 66 Fed. Appx. 403, 405 (3d Cir. 2003). The analysis of parallel proceedings is very similar to the first prong of the <u>Younger</u> test and, as in the analysis under <u>Younger</u>, the claims being adjudicated and the issues being analyzed by the state and federal courts in this case would be different. Thus, <u>Colorado River</u> abstention is not appropriate here.

19

appropriate in the instant case because Yang has not raised her Hague Convention claim in state court, because a Hague Convention Petition and a custody determination are distinct issues, and because the statutory provisions of ICARA and the Hague Convention require a federal court to hear a Hague Convention Petition in this circumstance. Thus, the District Court's decision to abstain under <u>Younger</u> and dismissal of Yang's Motion to Stay were both in error.

Accordingly, the judgment is reversed and the case remanded to the District Court for consideration of Yang's Petition under the Hague Convention.

20