

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-10-2006

# Tucker v. Ann Klein Forensic

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1475

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Tucker v. Ann Klein Forensic" (2006). *2006 Decisions.* Paper 1285.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1285

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-1475
_____

MATTHEW TUCKER,
Appellant

v.

ANN KLEIN FORENSIC CENTER; GREYSTONE
HOSPITAL; DR. MEMPIN; PATRICIA FLEMING;
NORMAN LEADER; DR. MARTY; DR. INJON
JOHN/JANE DOES, treatment team members; DR. GABRIOLLA;
DR. NORENBERG; INKISON;
STAVRON; FAROUQUI

_____
On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 02-cv-03895)
District Judge: Honorable Faith S. Hochberg
_____

Submitted Under Third Circuit LAR 34.1(a)
October 17, 2005

Before: ROTH, McKEE and ALDISERT, <u>Circuit</u> <u>Judges</u>

(Filed April 10, 2006)

_____

OPINION
_____

PER CURIAM

On August 5, 2002, Matthew Tucker submitted the underlying civil rights

complaint in the United States District Court for the District of New Jersey.[1]  By order

entered December 27, 2002, the District Court sua sponte dismissed Tucker's complaint

as frivolous.  On appeal, this Court affirmed in part, and reversed and remanded in part

for the District Court to "address Tucker's claims of involuntary administration of

medication and violation of his right to refuse treatment," as well as "to consider whether

to exercise supplemental jurisdiction over Tucker's state law claims."  Tucker v. Ann

Klein Forensic, et al., C.A. No. 03-1135 (3d Cir. July 17, 2003).

On remand, Tucker filed an amended complaint in which he alleged that the

defendants, employees of the Ann Klein Forensic Center ("Ann Klein defendants") and

the Greystone Park Psychiatric Hospital ("Greystone defendants"), violated his due

process rights by involuntarily medicating him for chronic paranoid schizophrenia.

Tucker also asserted state law claims of negligence and malpractice.  Tucker sought 300

billion dollars in damages.

In September 2003, while Tucker's action was proceeding in the District Court, he

filed a complaint in the Superior Court of New Jersey against the Ann Klein defendants,

---

[1]  Tucker was enjoined by the District Court on November 18, 2002, from further litigation unless he either paid the filing fee or obtained leave of court.  Tucker v. Walsh, et al., D. N.J. Civ. No. 02-cv-04667 (Bissell, J.), aff'd C.A. No. 02-4483 (3d Cir. December 1, 2003).  Although Tucker's complaint in this action was not "filed" until December 16, 2002, when the District Court granted him leave to proceed in forma pauperis, we deem his complaint constructively filed as of August 5, 2002, the date on which his complaint and in forma pauperis application were received in the District Court.  See Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 458 n. 13 (3d Cir. 1996).  Accordingly, the underlying action does not violate Judge Bissell's order.

as well as Superior Court Judges Vena and Falcone.  Tucker v. Vena, MRS-L-2620-03.

In his complaint, Tucker alleged that between July 11, 2001 and January 4, 2002, the Ann

Klein defendants, inter alia, involuntarily medicated him, medicated him without citing

appropriate symptoms, falsely testified in the Superior Court, and violated the New Jersey

Patient's Bill of Rights.  In October 2004, the Superior Court dismissed Tucker's

complaint with prejudice on the ground that "the matter [was] pending in another Court,

and there [was] no good cause for both cases to proceed."[2]  Tucker apparently did not file

an appeal from that order.

The defendants then filed a motion in the District Court to dismiss Tucker's action

arguing, inter alia, that his claims were barred by the Younger abstention doctrine.  See

Younger v. Harris, 401 U.S. 37 (1971).  In an order entered on December 17, 2004, the

District Court granted the defendants' motion to dismiss.  The District Court specifically

relied on the Younger abstention doctrine, and held that resolution of Tucker's claims

would impermissibly interfere with an ongoing state court proceeding.  Tucker filed a

timely motion for reconsideration, which was denied by the District Court on February 2,

2005.  This appeal followed.

The District Courts have "discretion to abstain from exercising jurisdiction over a

particular claim where resolution of that claim in federal court would offend principles of

---

[2]  There is no citation in the October 2004 order to the other "pending" case, nor is there any indication in the order as to whether the case was pending in state or federal court.

3

comity by interfering with an ongoing state proceeding." Addition Specialists, Inc. v. Township of Hampton, 411 F.3d 399, 408 (3d Cir. 2005). However, "abstention rarely should be invoked, and is only appropriate in a few carefully defined situations." Id. (citations and quotations omitted); see also Yang v. Tsui, 416 F.3d 199, 201 (3d Cir. 2005) (explaining that "the general rule is that the pendency of a state court proceeding is not a reason for a federal court to decline to exercise jurisdiction established by Congress"). The proponent of Younger abstention must show that: (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims. See, e.g., Gwynedd Properties, Inc. v. Lower Gwynedd Township, 970 F.2d 1195, 1200 (3d Cir. 1992). We exercise plenary review over the legal question of whether the requirements for Younger abstention have been met and, if so, we review the District Court's decision to abstain for abuse of discretion. Yang, 416 F.3d at 201; see also Gwynedd Properties, 970 F.2d at 1199. "In conducting this review, we are mindful that the mere existence of a pending state proceeding between the parties that parallels the facts of the federal action is not itself sufficient." Addiction Specialists, 411 F.3d at 408. Instead, all three prongs must be satisfied in order for the District Court to properly abstain from exercising jurisdiction over a complaint. Id.

Generally, Younger precludes federal intervention in ongoing state proceedings. The state action, however, need not predate the federal action for Younger abstention to

4

apply.  See, e.g., For Your Eyes Alone, Inc. v. City of Columbus, Ga., 281 F.3d 1209, 1217 (11th Cir. 2002).  Instead, the Supreme Court has held that federal courts are to abstain if the state action was commenced "before any proceedings of substance on the merits have taken place in federal court," Hicks v. Miranda, 422 U.S. 332, 349 (1975), or if "the federal litigation [is] in an embryonic stage and no contested matter [has] been decided." Doran v. Salem Inn, Inc., 422 U.S. 922, 929 (1975); see also Hawaii Hous. Auth. v. Midkiff, 467 U.S. 229, 238 (1984) (concluding that the federal action should be dismissed in favor of the state action if there have been no "proceedings on the merits . . . in the federal court").

Tucker submitted his federal complaint in August 2002, 13 months before he filed Tucker v. Vena, MRS-L-2620-03, in the Superior Court of New Jersey.  Between August 2002 and September 2003, Tucker's federal action was dismissed by the District Court as legally frivolous in an order which was appealed to this Court.  On appeal, we agreed with the District Court that a number of Tucker's claims lacked merit and were properly dismissed.  However, we remanded the matter to the District Court in July 2003 for consideration of Tucker's claims of forced medication.  Thereafter, Tucker filed two motions to reinstate his claims, as well as his first amended complaint.  It was only after all of these events had occurred that Tucker filed his complaint in the Superior Court. Thus, by the time Tucker filed his complaint in the Superior Court, his federal action had been pending for more than one year, both the District Court and this Court had addressed

5

and resolved the merits of several of Tucker's claims, and there had been one appeal to this Court. Under these circumstances, we conclude that Tucker's federal action had progressed beyond the point at which Younger abstention could properly be invoked. Accordingly, the District Court erred in dismissing Tucker's complaint pursuant to Younger.

Finally, we note that in their brief on appeal, appellees argue, inter alia, that as an alternative to Younger, we may affirm the order of the District Court on the ground that Tucker's complaint failed to comply with the notice provision of the New Jersey Tort Claims Act. However, as the New Jersey Supreme Court has explained, "the notice provision of the New Jersey Tort Claims Act, N.J.S.A. 59:8-8, does not apply to Section 1983 cases." Schneider v. Simonini, 749 A.2d 336, 355 (N.J. 2000); see also Fuchilla v. Layman, 537 A.2d 652 (N.J. 1988).

For the foregoing reasons, we will vacate the District Court's February 2, 2005 order, and remand this matter to the District Court for further proceedings.