

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-11-2007

# Dixon v. Kuhn

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1138

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Dixon v. Kuhn" (2007). *2007 Decisions.* Paper 95.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/95

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-1138
_____

ARTHUR S. DIXON,
 Appellant

v.

PAMELA DIXON KUHN

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 06-cv-04224)
District Judge:  Honorable Mary Little Cooper

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 21, 2007

Before: RENDELL, JORDAN and GARTH, Circuit Judges

(Filed: December 11, 2007)
_____

OPINION OF THE COURT
_____

PER CURIAM

    The appellant, Arthur S. Dixon, appeals from an order entered by the U.S. District

Court for the District of New Jersey dismissing his complaint.  For the foregoing reasons,

we will affirm.

According to Dixon's complaint, his former wife, Pamela Dixon Kuhn, filed suit in New Jersey Superior Court seeking an increase in child support payments to assist in the payment of his children's college education. After the state court entered an order requiring him to make the payments, Dixon filed a complaint in federal court seeking removal of the state court action. Dixon maintains that the state court violated his constitutional rights in the adjudication of that suit, specifically, that the state court used an inflated annual income figure in calculating support payments, held a hearing without notifying him, and entered judgment before Dixon was properly served with the complaint. He also contends that he is unconstitutionally being required to pay for his children's college expenses. Dixon filed an appeal in the New Jersey Appellate Division.

In December 2006, the district court issued a notice to show cause why Dixon's action should not be dismissed (if interpreted as an original civil action initiated in federal court) or remanded (if the action were, in fact, properly removed) for lack of subject matter jurisdiction. After receiving Dixon's response to the show cause order, the district court concluded that the action was not properly removed, and that the action should, in any event, be dismissed pursuant to the Younger abstention doctrine, the Rooker-Feldman doctrine, and alternatively, the domestic relations exception to federal diversity jurisdiction. Dixon appeals from that order.

On appeal, Dixon strenuously argues that removal was proper. Even if it were, however, the end result would be the same because the district court lacked jurisdiction

2

over the action and Dixon must adjudicate his claims in the state court action.[1]  This

includes Dixon's constitutional claims; indeed, the Appellate Division has expressly

stated that Dixon may include any federal constitutional issues in his appeal.   (See

Appellant's Appendix, at 36.)

Our review of the district court's dismissal for lack of jurisdiction is plenary.  See

FOCUS v. Allegheny County Court of Common Pleas, 75 F.3d 834, 839-40 (3d Cir.

1996).  We may affirm the district court's order on any grounds supported by the record.

See Nicini v. Morra, 212 F.3d 798, 805 (3d Cir. 2000) (en banc).

Considering the Younger abstention ground first, if the requirements are met, "we

review the district court's decision to abstain for an abuse of discretion."  Anthony v.

Council, 316 F.3d 412, 417 (3d Cir. 2003) (quoting FOCUS, 75 F.3d at 843).   Abstention

under Younger is appropriate where certain state law proceedings are pending, including

some domestic relations disputes.  See Yang v. Tsui, 416 F.3d 199 (3d Cir. 2005) (stating

that Younger abstention is appropriate in certain child custody disputes).  Three criteria

must be met in order for a district court to abstain under Younger: (1) ongoing state

---

[1] The district court determined that removal was not proper because it was not apparent
that Dixon had filed a notice of removal in the state court. See 28 U.S.C. § 1446(d). In
his brief on appeal, Dixon maintains that he filed a notice of removal in the state court,
although he apparently did not provide the district court with a copy of this notice.  Dixon
has not moved to enlarge the record from the district court presently before us on appeal,
and we cannot consider this document now.  As explained above, whether the action is
dismissed outright or remanded to the state court is, practically speaking, a distinction
without a difference because the district court lacks subject matter jurisdiction over the
matter under either scenario.

3

proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to present federal claims. Id. at 418.

Dixon clearly meets the first prong because the judicial proceedings regarding his child support order are "ongoing," as he partially concedes in his brief. At the time the district court abstained, Dixon had filed an appeal in the Appellate Division. As we noted in Anthony, a party subject to a child support order "is a party to an open case that will not terminate until the child support order is finally discharged." Id. at 420. Thus, "[f]or purposes of Younger, such a comprehensive and fluid system designed to address the ever-present and ever-changing realities of child support orders must be viewed as a whole, rather than as individual, discrete hearings." Id. at 420-21. The state proceedings are, beyond a doubt, "ongoing."[2]

With respect to the second prong, as we stated in Anthony, "New Jersey has an overriding interest in ordering, monitoring, enforcing and modifying child support obligations. Any ruling in this action would surely affect this interest." Id. at 421. It is

_____

[2] Dixon recently filed in this Court a motion to stay the district court's order. In it, Dixon disclosed that he had withdrawn his appeal in the Appellate Division so that he could seek relief in the trial court. After the trial court denied relief, he once again appealed to the Appellate Division. That appeal is apparently still pending. Dixon also attached two post-judgment orders issued by the trial court, one which modified his obligations with respect to one child. These facts only further support the proposition that the state proceedings in this case have been "ongoing"– even since Dixon filed a notice of appeal.

4

pellucid that the state proceedings here implicate important state interests which we acknowledged in Anthony, and the second element of the Younger criteria has been met. As for the last requirement that the state proceedings provide an adequate opportunity to raise federal claims, a judge for the Appellate Division removed all doubts that this criterion would be met when he specifically informed Dixon that he could raise federal constitutional issues in his appeal.

Dixon attempts to distinguish his situation from Anthony by maintaining that the child support payments sought from him in the state court action equate to "damages" in his federal case, preventing application of the abstention doctrine. It is plain from the face of his complaint, however, that the relief sought here is to have the district court reverse the state court judgment and declare that the application of New Jersey law to his case is unconstitutional. The relief sought here does not prevent the application of the Younger abstention doctrine. See Marks v. Stinson, 19 F.3d 873, 883 (3d Cir. 1994).[3]

We will affirm the order of the district court. Dixon's motion to stay the district court's judgment is denied.

---

[3] Because we find that the district court properly abstained under the Younger doctrine, we will not address its alternate theories of dismissal under the Rooker/Feldman doctrine and under the domestic relations exception.