10-2532-cv
*Haimdas v. Haimdas*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of November, two thousand and ten.

PRESENT: WILFRED FEINBERG,
 BARRINGTON D. PARKER,
 RICHARD C. WESLEY,
 *Circuit Judges.*

---------------------------------------

FELICIA HAIMDAS,

*Plaintiff-Appellee,*

-v.- 10-2532-cv

JAGMOHAN HAIMDAS,

*Defendant-Appellant.*

---------------------------------------

FOR APPELLANT:    PETER C. LOMTEVAS, Law Office of Peter C. Lomtevas, Ozone Park, NY.

FOR APPELLEE: LAURA W. SAWYER, (Mark R. Seiden, Jonathan A. Muenkel, *on the brief*), Jones Day, New York, NY.

Appeal from the United States District Court for the Eastern District of New York (Vitaliano, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Jagmohan Haimdas("Appellant") appeals from a judgment of the United States District Court for the Eastern District of New York (Vitaliano, *J.*) following a bench trial granting Felicia Haimdas' ("Appellee") petition for the return of the parties' two sons to England pursuant to the Hague Convention on the Civil Aspects of International Child Abductions, 51 Fed. Reg. 10,494, 10,498 (Mar. 26, 1986) (implemented at 42 U.S.C. §§ 11601-11611) (the "Hague Convention"). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Appellant argues that the district court erred by finding that Appellee has custodial rights. We disagree for substantially the same reasons set forth by the district

court in its thorough and well-reasoned Memorandum and Order.

Appellant also argues that the district court erred by denying Appellant's motion to appoint a guardian *ad litem* to represent the children. We review a decision not to appoint a guardian *ad litem* for abuse of discretion. *Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 200 (2d Cir. 2003). Here, Appellant's proffered reason for seeking a guardian — to represent the best interests of the children — was not relevant to the court's analysis under the Hague Convention. *See Tsai-Yi Yang v. Fu-Chiang Tsui*, 416 F.3d 199, 203 (3d Cir. 2005) (explaining that the best interests of the child are not at issue in a Hague Convention analysis). Accordingly, the district court did not abuse its discretion in denying Appellant's motion.

Finally, Appellant contends that the district court abused its discretion or violated his due process rights by excluding Appellant's expert's report and testimony. We review a decision to exclude expert testimony for abuse of discretion. *Zaremba v. Gen. Motors Corp.*, 360 F.3d 355, 357 (2d Cir. 2004). Appellant characterized his expert as a rebuttal expert and failed to satisfactorily explain to the

3

district court how his expert was qualified to rebut Appellee's expert.  Given the district court's decision not to rely on Appellee's expert, the district court's exclusion of Appellant's rebuttal expert was neither an error nor a violation of Appellant's due process rights.

We have considered Appellant's remaining arguments and find them to be without merit.  For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk