NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2940
_____

*ANN MARIE SWATT, as Personal Representative of the Estate of Elizabeth Swatt;
ANN MARIE SWATT, an Adult Individual and Interested Heir,
Appellants

v.

JANICE M. HAWBAKER, ESQ.; KAMINSKI, HAWBAKER & SALAWAGE, P.C.


(*Pursuant to Fed. R. App. P. 43)
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 4-21-cv-01025)
District Judge: Honorable Matthew W. Brann
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 6, 2023

Before: SHWARTZ, MATEY and FISHER, *Circuit Judges*.

(Filed: January 31, 2024)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

FISHER, *Circuit Judge*.

Ann Marie Swatt sued Janice Hawbaker and her law firm for mismanaging the wills of sisters Agnes Kotran and Madlyn Blusius, both deceased, thereby affecting Swatt's inheritance. She appeals the District Court's order dismissing a subset of her claims under the probate exception to this Court's diversity jurisdiction and staying the rest of her claims pending the resolution of parallel state court proceedings.[1] For the reasons set forth below, we will affirm.

## I.

First, Swatt claims the District Court erred in concluding that it lacked subject matter jurisdiction to entertain three of her claims (breach of the settlement agreement, negligence, and breach of fiduciary duty) "to the extent that [she] . . . seek[s] administration of Decedents' estates or probate of the correct will."[2] We exercise plenary review over a district court's dismissal of claims for lack of subject matter jurisdiction.[3] Swatt is correct that this case meets the requirements for diversity jurisdiction; the

---

[1] The District Court exercised jurisdiction under 28 U.S.C. § 1332. We exercise appellate jurisdiction under 28 U.S.C. § 1291. That this case comes to us partially stayed—rather than formally dismissed—does not impact our jurisdiction. *See Spring City Corp. v. Am. Bldgs. Co.*, 193 F.3d 165, 171 (3d Cir. 1999) ("[W]hen a district court relies on the *Colorado River* doctrine to stay a case in federal court because it is duplicative with a state court proceeding, such a stay will generally have the practical effect of a dismissal by putting a party effectively out of [federal] court." (internal citation and quotation marks omitted)).

[2] App. 27.

[3] *See Solis v. Loc. 234, Transp. Workers Union*, 585 F.3d 172, 176 (3d Cir. 2009) (internal citations omitted).

amount in controversy is more than $75,000, and the suit is between citizens of different states.[4] But § 1332(a)'s jurisdictional grant is limited by the so-called probate exception, under which we cannot "(1) probate or annul a will, (2) administer a decedent's estate, or (3) assume *in rem* jurisdiction over property that is in the custody of the probate court."[5] The District Court correctly applied the probate exception by dismissing each of the three counts to the extent they sought administration of Decedents' estates or the probate of the correct will.

Swatt argues otherwise, particularly with respect to the breach of fiduciary duty claim, which the Supreme Court has strongly suggested lies outside the bounds of the probate exception.[6] But the District Court did not dismiss the part of that claim (or the other two claims) that falls outside the probate exception. The claims seeking damages that do not include funds from within the Kotran and Blusius estates remain live, and we discuss them next.

## II.

Swatt also contends the District Court improperly abstained from considering those claims not barred by the probate exception. Federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them."[7] But abstention is

---

[4] *See* 28 U.S.C. § 1332(a)(1).

[5] *Three Keys Ltd. v. SR Util. Holding Co.*, 540 F.3d 220, 227 (3d Cir. 2008).

[6] *Marshall v. Marshall*, 547 U.S. 293, 311 (2006); *Three Keys Ltd.*, 540 F.3d at 227.

[7] *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976).

3

sometimes appropriate under principles of "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation."[8]

Abstention under *Colorado River* is governed by a two-part inquiry. The court first considers whether there is a parallel state proceeding that "involve[s] the same parties and substantially identical claims, raising nearly identical allegations and issues."[9] To be considered parallel, two actions need not be a straightforward copy-and-paste job; rather, they must only involve the same parties and "substantially identical" claims.[10] This is a legal question we review on a plenary basis.[11] If the proceedings are parallel, the court considers whether abstention is warranted under a six-factor test.[12] We review for abuse of discretion a district court's decision to abstain under this test.[13]

Three actions are pending in state court: probate litigation over the Kotran estate, probate litigation over the Blusius estate, and a civil action. They involve the same parties as this federal case: Swatt as the plaintiff and Janice Hawbaker and her law firm as the defendants. They also involve the same claims. Swatt's two tortious interference with inheritance claims are copied word-for-word from her state-court complaint, while her

---

[8] *Id.* (internal quotation marks, alteration, and citation omitted).
[9] *Yang v. Tsui*, 416 F.3d 199, 204 n.5 (3d Cir. 2005) (internal quotation marks and citation omitted).
[10] *Id.*
[11] *Ryan v. Johnson*, 115 F.3d 193, 196 (3d Cir. 1997).
[12] *Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc.*, 571 F.3d 299, 307–08 (3d Cir. 2009).
[13] *Ryan*, 115 F.3d at 196.

breach of fiduciary duty claim is the same in substance, largely repeating her state-court allegations. The factual allegations are also essentially the same. At bottom, Swatt believes that Hawbaker and her firm reduced Swatt's inheritance through an interwoven series of incompetent and sometimes malevolent actions. The only allegations unique to the federal claims relate to the breach of a 2018 settlement agreement, which the Court of Common Pleas has ordered to be addressed at mediation.

Swatt argues that the mediation is not evidence of a parallel state-court proceeding because "mediation . . . cannot be considered filing a claim."[14] While it is true she has not filed a standalone state-court claim for breach of the agreement, the substance of the claim is under active consideration in her state-court action.[15] It follows that Swatt's state-court suit runs parallel with this action.

Having established that the two actions are parallel, we next "look to a multi-factor test to determine whether extraordinary circumstances meriting abstention are present."[16] Those factors are: "(1) which court first assumed jurisdiction over [the] property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding

---

[14] Opening Br. 12.

[15] *See* App. 92. Moreover, although the federal complaint identifies the claim as one for "breach of settlement agreement," Swatt's actual claims relate to estate expenses, the correctness of her inheritance, and the probate of the Kotran and Blusius wills. *See* App. 74–83. In other words, Swatt's breach claim asks us to do just what the probate exception bars: to probate wills and administer estates. *Three Keys Ltd.*, 540 F.3d at 227.

[16] *Nationwide Mut.*, 571 F.3d 307–08 (internal quotation marks and citation omitted).

piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether federal or state law controls; and (6) whether the state court will adequately protect the interests of the parties[.]"[17] "No one factor is necessarily determinative."[18]

As the District Court concluded, each factor either favors abstention or is neutral.

*(1) Which court first assumed jurisdiction over the property.* Swatt argues this factor weighs against abstention because the state court "does not have a claim for breach of Settlement Agreement filed by Appellants."[19] But this factor does not focus on the congruity of the claims. Rather, it is mainly concerned "with avoiding the generation of additional litigation through permitting inconsistent dispositions of property."[20] Here, the Franklin County Orphans' Court has already assumed jurisdiction over the Kotran and Blusius estates, but we note that the District Court properly attached little weight to this factor because the probate exception prohibits it from exercising jurisdiction over the estate property.

*(2) The inconvenience of the federal forum.* This factor is neutral. Both the federal and state fora are convenient for the parties and counsel.

---

[17] *Spring City Corp.*, 193 F.3d at 171. The District Court considered ten factors in its analysis, drawing from factors identified by "[o]ther circuits." App. 32. Consistent with this Circuit's precedent, however, we consider only the "six factors referred to in *Colorado River* . . . and Third Circuit cases." *Spring City Corp.*, 193 F.3d at 171 (internal quotation marks and citation omitted).

[18] *Colo. River*, 424 U.S. at 818.

[19] Opening Br. 23.

[20] *Colo. River*, 424 U.S. at 819.

*(3) Avoiding piecemeal litigation.* This factor favors abstention. Our cases require a "strongly articulated *congressional policy* against piecemeal litigation" to justify a stay under *Colorado River*.[21] Here, there is a strongly articulated congressional policy. The probate exception, which is drawn from the Judiciary Act of 1789, exists—among other reasons—to create "legal certainty concerning whether probate matters and will contests should be in state or federal courts," and to allow "questions as to a will's validity [to] be resolved concurrently with the task of estate administration."[22] In other words, the probate exception is highly concerned with avoiding piecemeal litigation.

*(4) The order in which jurisdiction was obtained.* This factor is of paramount importance and favors abstention. Here, Pennsylvania state courts obtained jurisdiction in 2006, when probate litigation over the Kotran estate began; 2013, when litigation over the Blusius estate began; and 2014, when Swatt filed her other civil claims against Hawbaker and her firm. All this far predates 2021, when Swatt filed this action in the Middle District of Pennsylvania.

We are mindful that "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions."[23] Here, the progress in state court has been substantial. Discovery has been completed; dispositive motions have been filed by both parties; and other motions

---

[21] *Ryan*, 115 F.3d at 198.
[22] *Georges v. Glick*, 856 F.2d 971, 973–74 (7th Cir. 1988).
[23] *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 21 (1983).

practice and several hearings have occurred. Comparatively, the federal action has seen the filing of a complaint, once amended, and several minor motions with no bearing on the issues presented to us. Indeed, the only substantive motion on the federal docket is the motion to dismiss under the probate exception that we consider here. Proceeding in the Middle District of Pennsylvania would thus "waste the parties' resources, risk duplicative rulings and reward a strategic gamesmanship that has no place in a dual system of federal and state courts."[24]

*(5) Whether federal or state law controls.* "Although in some rare circumstances the presence of state-law issues may weigh in favor of [absention], . . . the presence of federal-law issues must always be a major consideration weighing against [it]."[25] The issues Swatt raises are purely state-law claims, and this factor thus favors abstention.

*(6) Whether the state court will adequately protect the interests of the parties.* Swatt worries that she will be forever left out of court if her breach of settlement agreement claim is stayed, as she has only raised it in federal court. But, as noted, the alleged breach of the settlement agreement is being considered as part of the state-court mediation. And in any event, the sixth factor is "normally relevant only when the state forum is *in*adequate."[26] We cannot see any reason that the state court would be unable to properly adjudicate any claim based upon a breach of the settlement agreement. So, this

---

[24] *Tyrer v. City of S. Beloit*, 456 F.3d 744, 756 (7th Cir. 2006).
[25] *Moses H. Cone*, 460 U.S. at 26.
[26] *Ryan*, 115 F.3d at 200.

8

factor is neutral.

Taken together, these factors favor abstaining while the Franklin County Court of Common Pleas adjudicates Swatt's parallel civil action and related probate matters. The District Court thus did not abuse its discretion in electing to do so here.

III.

Finally, Swatt argues for the first time on appeal that a change of venue is warranted because "more evidence exists in Franklin County,"[27] and that a change of judge is appropriate given the "bias" exhibited by the District Court.[28] While we may effect a transfer of venue by direct order, we may do so only where "unusual circumstances" require "extraordinary action."[29] No such circumstances are present here, and no bias of any type is evident on this record.

IV.

For these reasons, we will affirm.

---

[27] Opening Br. 33. The existence of evidence in Franklin County, if anything, reinforces the propriety of abstention in favor of ongoing litigation in the Franklin County Court of Common Pleas.

[28] *Id.* at 33–34.

[29] *Koehring Co. v. Hyde Constr. Co.*, 382 U.S. 362, 364–65 (1966).