**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1151
_____

CHRYSSOULA ARSENIS,
Appellant

v.

M&T BANK,
other Hudson City Savings Bank

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3:23-cv-02601)
District Judge:  Honorable Michael A. Shipp

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 17, 2024
Before:  RESTREPO, MATEY, and CHUNG, Circuit Judges

(Opinion filed: January 14, 2025)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Chryssoula Arsenis, proceeding pro se, appeals from the District's Court's order dismissing her complaint. For the following reasons, we will vacate the judgment and remand for further proceedings.

In May 2023, Arsenis filed a complaint in the District Court against M&T Bank s/b/m Hudson City Savings Bank ("M&T") for violations of the Coronavirus Aid, Relief, and Economic Security Act (CARES Act), the Real Estate Settlement Procedures Act (RESPA), and the Fair Debt Collection Practices Act (FDCPA). The claims stemmed from a mortgage loan which Arsenis obtained from M&T. At the time the complaint was filed, the property securing that same loan was the subject of foreclosure proceedings in the New Jersey Superior Court. Arsenis argued in her federal complaint that M&T violated all three federal Acts when it failed to convert a loan modification Trial Period Plan (TPP) into a permanent modification of her mortgage loan, declared her in default, and initiated the foreclosure proceedings.

M&T filed a motion to dismiss the federal complaint, stating that many of the claims therein were asserted as defenses or counterclaims in the foreclosure action, and arguing, inter alia, that the District Court should decline jurisdiction pursuant to the Colorado River abstention doctrine. See Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 817-18 (1976). The District Court agreed, and, after determining that this case was parallel to the foreclosure action and presented an "extraordinary circumstance" justifying abstention, it dismissed the complaint without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). Arsenis appealed.

We have jurisdiction over the appeal pursuant to 28 U.S.C. § 1291.[1]  Generally, "[i]n reviewing a decision to abstain under the Colorado River doctrine, we exercise plenary review over legal questions," and "review for abuse of discretion a district court's [ultimate] decision to abstain."  Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc., 571 F.3d 299, 307 (3d Cir. 2009).

Federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them," and therefore abstention "is the exception, not the rule." Colorado River, 424 U.S. at 813, 817.  Where federal and state courts have concurrent jurisdiction, a federal court may decline to exercise jurisdiction in "exceptional circumstances, where the order to the parties to repair to the state court would clearly serve an important countervailing interest."  Id. at 813.

A district court must conduct a two-part inquiry to determine whether abstention is appropriate under Colorado River.  First, it must determine whether the state and federal

---

[1] A decision is ordinarily considered final for purposes of § 1291 if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."  Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 373 (1980) (citation omitted).  An order dismissing a complaint without prejudice generally "is neither final nor appealable because the deficiency may be corrected by the plaintiff without affecting the cause of action."  See Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976) (per curiam) (noting that "[o]nly if the plaintiff cannot amend . . . does the order become final and appealable").  But where, as here, the District Court's decision contemplates "that there would be no further litigation in the federal forum" and "the state court's judgment on the issue[s] would be res judicata," the decision is final for purposes of § 1291.  Moses H. Cone  Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 10 (1983) (internal quotation marks and citations omitted).

3

actions are parallel; that is, whether the cases "involve the same parties and substantially identical claims, raising nearly identical allegations and issues." Yang v. Tsui, 416 F.3d 199, 204 n.5 (3d Cir. 2005) (internal quotation marks omitted). If so, the inquiry then requires "a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." Moses H. Cone, 460 U.S. at 16. These factors include "(1) [in an in rem case,] which court first assumed jurisdiction over [the] property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether federal or state law controls; and (6) whether the state court will adequately protect the interests of the parties." Nationwide Mut. Fire Ins. Co., 571 F.3d at 308 (citation omitted).

Arsenis first argues on appeal that Colorado River abstention was improper because the federal action was not parallel to the state action. We disagree. The District Court properly determined that the claims in both actions arose out of the foreclosure complaint and, more specifically, from M&T's "alleged failure to make permanent a federally-mandated TPP." ECF No. 21 at 8. It also correctly determined that the primary issue underlying the federal claims was at issue in the foreclosure action as well: Arsenis's affirmative defenses and counterclaims were based on her assertion that M&T wrongfully failed to convert the TPP into a permanent loan. And while resolution of the issue in the foreclosure action would not resolve the federal claims, there was a "realistic possibility" that it would preclude them. See Michelson v. Citicorp Nat. Servs., Inc., 138

F.3d 508, 515 (3d Cir. 1998) (noting "the <u>Colorado River</u> doctrine applies only if there is parallel state court litigation involving the same parties and issues that will completely and finally resolve the issues between the parties"); <u>accord</u> <u>AAR Int'l, Inc. v. Nimelias Enters. S.A.</u>, 250 F.3d 510, 518 (7th Cir. 2001) ("Suits are parallel if substantially the same parties are litigating substantially the same issues simultaneously in two fora." (internal quotation marks omitted)). Therefore, the District Court properly concluded that the proceedings were parallel for purposes of <u>Colorado River</u> abstention.

The District Court also properly analyzed the first, fourth, and fifth factors noted above. As it explained, the former two factors favored abstention because the foreclosure action on the mortgaged property was filed first, and was well underway, <u>see</u> <u>Moses H. Cone</u>, 460 U.S. at 19, 21 (noting the importance of "assumption by either court of jurisdiction over any res or property" and explaining that "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions"). And the fifth factor was neutral because both state and federal claims were implicated.

The remaining factors do not support abstention. Because the federal and state forums are in close proximity in New Jersey, the second factor was neutral. <u>See</u> <u>Moses H. Cone</u>, 460 U.S. at 19 (noting that where both fora are convenient, the second fact is "not present"). As for the third factor, we have recognized that "the 'avoidance of piecemeal litigation' factor is met . . . only when there is evidence of a strong federal policy that all claims should be tried in the state courts." <u>Ryan v. Johnson</u>, 115 F.3d 193,

5

197-98 (3d Cir. 1997).  Both RESPA and FDCPA provide for concurrent federal-state jurisdiction, see 12 U.S.C § 2614; 15 U.S.C. § 1692k(d), and there is no evidence that Congress provided for a private cause of action under the CARES Act, let alone preferred that such a claim be litigated in the state courts.

Finally, the failure to modify the loan – the issue common to both actions – is akin to the breach of a contract, and does not involve a complex or intricate area of foreclosure law which might favor abstention.[2]  See Ryan, 115 F.3d at 200 (noting that "[a]lthough it is possible that some case could involve a skein of state law so intricate and unsettled that resolution in the state courts might be more appropriate, traditional negligence law does not fit that description"); cf. Jimenez v. Rodriguez-Pagan, 597 F.3d 18, 30 (1st Cir. 2010) (determining that unsettled Puerto Rico law governing the parallel disputes counseled in favor of abstention).  Because the state court was an adequate forum to protect the parties' interests, the sixth factor "carries little weight."  Ryan, 115 F.3d at 200 (noting that the adequacy of the state forum is normally relevant only when it would disfavor abstention).

Given the heavy presumption in favor of exercising jurisdiction, the balancing of these factors does not provide the "exceptional circumstances, the clearest of justifications" warranting dismissal.  Moses H. Cone, 460 U.S. at 25; see also Nat'l City Mortg. Co. v. Stephen, 647 F.3d 78, 84 (3d Cir. 2011) (noting that Colorado River

---

[2] We note that, in the state action, Arsenis did not expressly raise a CARES Act claim, and she merely reserved the right to assert claims under RESPA and the FDCPA.

abstention is "even more rare" than <u>Pullman</u>, <u>Burford</u>, or <u>Younger</u> abstention).  The

District Court should therefore exercise jurisdiction.  We will remand so it can do so.

While the appeal was pending, the state court entered an order granting summary

judgment in favor of M&T and transferring the matter to the Office of Foreclosure to

proceed uncontested.  In supplemental briefing in this Court, the parties addressed

whether the federal claims are now precluded by the doctrine of collateral estoppel.  <u>See</u>

<u>Spring City Corp. v. Am. Bldgs. Co.</u>, 193 F.3d 165, 172 (3d Cir. 1999) (recognizing

"[t]he general rule regarding simultaneous litigation of similar issues in both state and

federal courts is that both actions may proceed until one has come to judgment, at which

point that judgment may create a res judicata or collateral estoppel effect on the other

action").[3]  Because the circumstances here do not warrant it, we decline to address this

issue in the first instance and will, instead, leave it to the District Court to address on

remand.  <u>See</u> <u>Berda v. CBS Inc.</u>, 881 F.2d 20, 28 (3d Cir. 1989) (noting that, absent

"exceptional circumstances," we generally decline to consider issues not passed upon

below); <u>see also</u> <u>Arizona v. California</u>, 530 U.S. 392, 412 (2000) (recognizing that it

"might be appropriate in special circumstances" for a court to raise the preclusion issue

sua sponte, such as where the court "has previously decided the issue presented").

---

[3]  After supplemental briefing, the Office of Foreclosure entered judgment in favor of
M&T in the amount of $834,959.21, and directed that the mortgaged property be sold to
raise the money due.

Based on the foregoing, we will vacate the District Court's judgment and remand for further proceedings consistent with this opinion.[4]

---

[4] Appellant's Motion for Leave to File a Supplemental Appendix, which has also been construed as a motion to expand the record, is denied.